Argued October 2, reversed November 14, 1951

## VINSON *v.* BROWN

237 P. 2d 501

*Asa L. Lewelling,* of Salem, argued the cause and filed a brief for appellant.

*George A. Rhoten* argued the cause for respondent. With him on the brief were Rhoten & Rhoten and Sam F. Speerstra, all of Salem.

Before BRAND, Chief Justice, and HAY, ROSSMAN, LUSK and WARNER, Justices.

ROSSMAN, J.

This is an appeal by the defendant from a judgment, based upon a verdict, which the circuit court entered in favor of the plaintiff. The complaint which instituted the action alleged that the defendant maintained negligently the floor of a store which he operated and that the plaintiff fell thereon, suffering an injury.

The defendant's sole assignment of error follows:

"The Court erred in denying defendant's motion for a directed verdict and in denying defendant's motion for judgment notwithstanding the verdict."

The plaintiff entered the defendant's store Monday, April 19, 1948, at 1:45 p. m. After she had walked into the store about ten or twelve feet, "all at once I just whirled around and went down", so she testified. She had been in the store "quite a little" at other times.

The complaint states:

"At said time and place defendant was negligent in that he kept and maintained a floor which had thereon an excessive amount of wax, causing the floor to be in an extremely slippery condition."

The complaint does not particularize upon that averment.

The defendant's store has a wooden floor covered with linoleum. The defendant, as a witness for the plaintiff, described the covering as "regular inlaid linoleum." Showcases run the length of the establishment, which is about fifty or sixty feet. Undisputed testimony given by the defendant, as a witness for the plaintiff, follows:

"It appears that on Saturday evening prior to this accident the cleaners came in and cleaned this

floor. After cleaning it and washing it, they applied this floor wax; and they, of course, polished and waxed after they got through with that. It is the regular cleaner and was for the floor that they used.

\* \* \*

"What I recall is that at the center of the store there would be less wax than at the showcase, because there is where the foot traffic goes. I can be sure that there would be more of the wax close to the showcases than at the center of the store, due to the fact that there would be more people in the middle of the store. Close to the showcases there would be more of the wax than at the center."

The plaintiff's fall was near a showcase which she was approaching.

As a witness in his own behalf, the defendant gave unchallenged testimony which shows that on the Saturday evening preceding the accident, a crew, which he alternately termed his "regular cleaners" and "professional cleaners", cleaned and washed the floor. Next, by the use of a mop, they applied liquid wax. After the wax had dried, they polished the waxed surface by using a mechanical rotating machine. There is no contention that their method, material or equipment was improper.

Further, as a witness in his own behalf, the defendant testified that on the day of the accident he entered his store at nine o'clock in the morning, and that during the course of the day he noticed nothing unusual about the floor. He also swore that no one else fell upon the floor and that no one complained about its condition. There is no testimony to the contrary.

The plaintiff testified: "I don't know just what happened. \* \* \* All at once I whirled around and I

fell." In response to a question of her counsel, she replied that she had not noticed what rendered the floor slippery. According to her, "I looked down and I looked up." However, she said that she had paid no "particular attention" to the floor, which she described as clean, shiny and "slippery, all right."

The foregoing is all that the record discloses about the floor, its condition and the plaintiff's fall. There is no claim that the floor or its covering was out of repair. The plaintiff does not contend that it was not level, and no one suggests that the condition of the floor was concealed or not readily visible. Likewise, there is no claim that after the plaintiff had regained her feet anyone saw a wax spot upon her clothes, a skid mark near the place where she fell or a patch of wax nearby. In mentioning those details, we have in mind the conditions described in *Briggs v. John Yeon Co.*, 168 Or. 239, 246, 122 P.2d 444, 448. The plaintiff, in presenting her argument, finds no fault with anything upon the floor and its covering except the wax.

■ There is nothing whatever in the record which indicates that the waxing was done improperly or that areas were left where an unintended amount of wax was present. It is true that as the hours passed and the feet of customers carried away some of the wax, more was present near the showcases than in the center of the aisle, but that circumstance does not prove improper waxing. We do not believe that a store's floor must be uniform throughout its area.

The question now presents itself: Do the facts summarized above support a finding that the defendant's floor was in a negligent condition at the time of the plaintiff's fall?

■ *Lyons v. Lich*, 145 Or. 606, 28 P.2d 872, states that it is not negligent for an owner to construct a floor

out of the materials commonly used for such purpose. Linoleum is commonly employed as a floor covering and its use in this instance did not constitute negligence.

In *Briggs v. John Yeon Co.*, supra, this court said:

"Nothing would be gained by reviewing cases from other jurisdictions cited by the defendant. They all announce the rule with which we are in entire accord, that it is not negligence to oil or wax floors. None of them, however, hold that waxing or oiling a floor improperly may not be evidence of negligence."

We deem it unnecessary to review herein the several citations contained in the plaintiff's brief. Some of them are reviewed in the decision from which we just quoted.

■ Since the floor was properly constructed and the waxing was not negligently done, the defendant's assignment of error, quoted in a preceding paragraph, must be sustained.

The judgment of the circuit court is reversed.