Argued November 12, affirmed December 30, 1959

# DELACROIX *v.* SANDERS
### 347 P. 2d 966

*Philip Hayter* argued the cause for appellant. On the brief were Hayter & Shetterly, Dallas, and Lynn Moore, Springfield.

*George A. Rhoten* argued the cause for respondent. On the brief were Rhoten, Rhoten & Speerstra, Salem.

Before McAllister, Chief Justice, and Perry, O'Connell and Redding, Justices.

PERRY, J.

The plaintiff brought this action against the defendant to recover damages for personal injuries suffered by her as the result of a fall in defendant's restaurant. The trial court sustained defendant's motion for a directed verdict and the plaintiff appeals.

In considering the defendant's motion, it was necessary for the trial court to accept the plaintiff's evidence as true, together with every reasonable inference of fact that can be drawn therefrom and interpret this evidence in a light most favorable to her. *Marr et al. v. Putnam,* 196 Or 1, 246 P2d 509.

■ The evidence of the plaintiff is as follows:

"On July 30, 1955, the plaintiff, 64 years of age, a resident of Springfield, Oregon, was enroute to Tillamook County in the company of her daughter, Doris D. Kelly. They entered the defendant's restaurant, the first time either had been in the establishment, and after walking only a few steps toward the booths the plaintiff's feet slipped upon the floor and she fell, thereby sustaining severe injuries.

\* \* \* \* \*

"The restaurant had been opened for business at 6:00 a.m. by an employee of the defendant, Evelyn Taylor, and except for the cook she was the only person on duty in the restaurant when the accident occurred. The defendant William Sanders, owner of the building and restaurant, was not present. He entrusted the care of the floors to his subnormal son Billy, who had finished his janitorial work shortly before plaintiff entered the establishment."

Plaintiff further testified as follows:

"We went inside and I hadn't gone far—\* \* \* and both feet flew out from under me at once and I just struck the floor terribly hard.

\* \* \* \* \*

"Q  What did you observe about the surface of the floor at that particular point?

"A  Well, the surface of the floor—well, I don't know how to describe it if I can't—

"Q  Did you notice any substance on the floor?

"A  There was.

"Q  What was that?

"A  Well, it was evidently—

"Q  What you saw, just tell me what you saw.

"A  It was evidently too much wax right there and when my feet hit it, they just flew out and down I went.

\* \* \* \* \*

"Q  What else did you observe about this wax?

"A  I can't say except that it looked like there was too much on there and after I fell, when Doris lifted me up, when they lifted me up, she was brushing, trying to get whatever it was off of me.

\*  \*  \*  \*  \*

"Q  Was the floor shiny?

"A  I wouldn't say as to the rest of the floor.

"Q  Where you were?

"A  But right where I fell it wasn't.

"Q  I see.

"A  Right in that spot it was not."

The plaintiff's daughter, who accompanied her, testified that the place on the floor where her mother fell looked "slippery" and was slightly sloping; that after her mother fell she observed a spot of foreign substance on her mother's clothes near the back of her right shoulder four or four and one-half inches across that had not been there before and which would not brush off and the dress had to be sent to the cleaners; that the waitress in the restaurant while assisting the plaintiff said: "I told that boy he was getting too much wax on the floor this morning."

The uncontroverted evidence in the case further shows the floor in the restaurant is asphalt tile and that it was customary for the defendant to wax and buff this surface as needed. The wax used, "Packer-Scott Industrial Non-skid," is liquid when applied, and is less slippery than the asphalt tile itself; that an excessive application of wax would "tend to decrease, the more wax the less slippery."

If we assume there may be drawn from plaintiff's evidence lawful inferences that there had been applied more of this floor dressing than was necessary and that it was not properly buffed, the question then is:

Would such a showing in and of itself establish the alleged negligence of the defendant?

■ One who conducts a business to which the public is invited is not an insurer, but owes to the members of the public a duty to maintain his premises in a reasonable safe condition, and this duty applies to the floors in a building. *Saunders v. Williams & Co.*, 155 Or 1, 62 P2d 260.

■ However, it is not negligence per se for the proprietor of a business, to which the public is invited, to wax his floors; it is only when the wax is improperly applied so that it leaves a slippery floor.

■ The mere fact that the plaintiff slipped and fell is not evidence of negligence on the part of the proprietor and the doctrine of res ipsa loquitur does not apply to aid plaintiff in such a situation. 38 Am Jur 1004, Negligence § 307; see annotation 63 ALR 2d 635, § 11.

The sole evidence that there was some substance upon the floor comes from the testimony of the plaintiff's daughter that after plaintiff fell there was a dirty spot on the plaintiff's clothes near the back of her right shoulder that would not brush off. This showing, in the absence of some testimony that the spot was caused by a waxy substance, leaves the matter entirely speculative as to what caused the one spot on plaintiff's garment.

There is no evidence in this case "that after plaintiff had regained her feet anyone saw a *wax* spot upon her clothes, a skid mark near the place where she fell or a patch of wax nearby." *Vinson v. Brown*, 193 Or 113, 116, 237 P2d 501. (Emphasis ours)

While there is some testimony to the effect that there was a slight slope in the floor from the entrance to the rear of the store by plaintiff's witness, and denied by defendant, there is no evidence that this

slight slope could in anywise be considered of such significance as to cause a person to fall.

In our opinion, there is no substantial evidence of defendant's negligence. The most that can be said is that one may speculate that perhaps the defendant was negligent because the plaintiff fell at a place that looked like it had too much wax and looked slippery.

■ The plaintiff also assigns as error the refusal of the trial court to admit in evidence a certain photograph which shows a small piece of the asphalt tile broken off so as to leave a small depression in the surface of the floor near where the plaintiff fell. We are unable to see wherein the plaintiff was in the slightest degree prejudiced by the trial court's action, assuming the trial court was in error. The trial court admitted other photographs showing the condition of the floor and this photograph would have been only cumulative. The fact that this particular photograph shows more clearly a broken tile does not make it more material to the issues presented than the other photographs. The plaintiff does not contend that she tripped and fell, but that she slipped and fell due to the slippery surface of the defendant's floor.

The judgment of the trial court is affirmed.