Argued October 5, 1964, reargued January 4, affirmed
April 14, 1965

## WOULFE *v.* DURST ET AL

401 P. 2d 13

*James J. Kennedy*, Portland, argued the cause for appellant. With him on the brief were Ryan & Ryan, Portland.

*Gerald R. Pullen*, Portland, argued the cause for respondents. On the brief was Robert P. Jones, Portland.

Before MCALLISTER, Chief Justice, and PERRY, SLOAN, O'CONNELL, GOODWIN, HOLMAN and LUSK, Justices.

PERRY, J.

The plaintiff brought this action to recover damages for personal injuries received while she was a customer in the defendants' grocery store. At the close of plaintiff's case, the trial court sustained the defendants' motion for an order of involuntary non-suit, and the plaintiff appeals.

The plaintiff's complaint alleges that "while in said market [she] was caused to slip and fall on the floor * * * by reason of the negligence of the de-

fendants  *  *  *  [i]n maintaining a floor of said market which was dirty and slippery;  *  *  *"

The plaintiff testified she had walked down a ramp and on up to the check-out counter; that as she was walking past the second check-out counter her "heel slipped and down [she] went." In testifying as to what occurred after she fell, she stated:

"A  Well, I was down on the floor a few minutes, and my hand went out and I felt the floor. I looked at my hand. It was dirty and I felt the floor and there was dirt kicked on the floor, and my heel left a—back there, a big, long, black mark where it ground into the dirty floor.

"Q  And what kind of a skid mark was it?

"A  A black mark about eight inches long.

"Q  And you say you rubbed your hand over the floor?

"A  Yes. There was dust on it and there was layers of dirt on it, too, ground in.
"*  *  *  *  *

"Q  Now, did you notice with reference to this dirt, could you tell from your sight and from your feeling how high that dirt was?

"A  Oh, it was about a quarter of an inch from the feel, and what I saw of it.

"Q  And how big an area did you notice this condition in?

"A  As far as I could see it was dirty. It was all dirty around where I could see.

"Q  And about how big?

"A  About eight feet or six feet."

She also stated there was dirt on her coat when she was helped up and she noticed other people's heel

prints in the dirt on the floor. In further describing the dirt on the floor, she stated:

"A Well, you see, when my heel slipped on that floor it rooted up this dirt and it made a nice black mark about six inches. My heel rooted it up because my weight got on—I fell down and my heel went and rooted up the dirt off of the floor like it scratched it up. That's what it done."

The dirt was dry and there was no evidence of what substance, if any, caused her to slip and her shoe to "root up the dirt off of the floor."

██ A storekeeper is not an insurer against accidents to patrons. He is bound to use ordinary care to keep his premises in a reasonably safe condition and his liability arises only on proof that he was negligent in failing to perform this duty.

█ Negligence is never presumed merely upon the showing of a fall resulting in an injury. *Starberg v. Olbekson,* 169 Or 369, 129 P2d 62.

██ Nor will the doctrine of *res ipsa loquitur* apply in this type of case to cast the burden upon the defendants to show that the cause of the fall was not through their negligence. *Delacroix v. Sanders,* 219 Or 494, 347 P2d 966.

"A possessor of land is subject to liability for bodily harm caused to business visitors by a natural or artificial condition thereon if, but only if, he
"(a) knows, or by the exercise of reasonable care could discover, the condition which, if known to him, he should realize as involving an unreasonable risk to them."
Restatement, 2 Torts, Negligence 938, § 343.

It is true that there was pulverized and caked earth upon the floor which, so far as *common knowledge is*

concerned, is not slippery unless wet. There is not a particle of evidence of any substance upon the floor which was of a slippery nature.

Since there is absolutely no evidence of any slippery substance which, if existing, would cause a reasonable person to realize that by reason of the substance a person might fall, the plaintiff, therefore, has failed to show any negligence on the part of the defendants.

The judgment of the trial court is affirmed.

HOLMAN, J., dissenting.

There was evidence from which the jury could have found that while taking a step defendant's heel slid on layers of dirt one-quarter inch thick. Such dirt could have been found to cover an area 8 feet in diameter.

Plaintiff alleged in her complaint that she was caused to slip and fall by virtue of the floor being "dirty" and "slippery."

The majority opinion held: "There is not a particle of evidence of any substance on the floor which was of a slippery nature." It seems to me the court is unnecessarily limiting the meaning of the word "slip" to a situation where a person loses his footing because the floor is greasy, wet, etc. I believe the proper connotation of the word, in connection with insecure footing, is anything which causes lack of adhesion between the foot and the floor. It is common knowledge that if sufficient pressure is exerted at an angle upon dirt caked on the floor its adhesion with the floor will be broken and it will slide.

I cannot admit to the proposition that defendant is entitled to an involuntary nonsuit because plaintiff alleged that she was "caused to slip" and the floor

was "slippery" instead of using some other verbiage denoting insecure footing which caused her heel to slide.

I believe there was evidence from which the jury could have found plaintiff was caused to slip because of dirt on the floor and that defendant, in the exercise of reasonable care, should have discovered and realized the danger of a patch of dirt of that magnitude.

I dissent.

Justice SLOAN and Justice O'CONNELL join in this dissent.