Argued March 5, reversed September 23, 1970

# DODGE, *Appellant, v.* TRADEWELL STORES, INC., *Respondent.*

### 474 P2d 745

*Nels Peterson,* Portland, argued the cause for appellant. With him on the brief were Peterson, Chaivoe & Peterson and Gary N. Peterson, Portland.

*James H. Clarke,* Portland, argued the cause for respondent. With him on the brief were McColloch, Dezendorf, Spears & Lubersky and Wayne Hilliard, Portland.

Before PERRY,[*] Chief Justice, and McALLISTER, SLOAN, O'CONNELL, DENECKE, HOLMAN and TONGUE, Justices.

O'CONNELL, C. J.

Plaintiff seeks to recover damages for personal injuries sustained when she fell in defendant's grocery store. The case was submitted to the jury which brought back a verdict for plaintiff. Upon defendant's motion the trial court entered a judgment notwithstanding the verdict and plaintiff appeals.

Plaintiff, a 42 year old housewife, entered defendant's store to buy some groceries. She walked to the back of the store where she stepped in a puddle of water on the floor and fell. She testified, "I stepped in a puddle of water and my foot goes under the cooler and I fall to my left knee and backward."

The floor where plaintiff fell was of asbestos or vinyl tile. It was treated regularly every two weeks with skid resistant wax. The manager of the store was aware of the fact that water had leaked upon the floor from the cooler.

The trial court granted the motion for a judgment n.o.v. on the ground that "there was no evidence that the presence of water on the asbestos tile floor of the store made that area more slippery and hazardous."

It is not necessary to establish by the direct

---

[*] Perry, C.J., retired June 1, 1970.

testimony of witnesses the existence of every fact in a lawsuit. The jury is entitled to draw inferences from matters of common knowledge. Thus we recognized in *Meyers v. Oasis Sanitorium, Inc.*, 224 Or 414, 418, 356 P2d 159 (1960), that "[i]t is a matter of common knowledge that a linoleum floor becomes slippery while it is being mopped." We think that it is equally a matter of common knowledge that an asbestos or vinyl floor becomes slippery when wet.

The evidence established that after the floor was waxed and buffed the surface had a "glossy, shiny finish." It is well known that ordinarily when water accumulates on a tile floor with a "glossy, shiny finish" a slippery condition is created. The slippery condition occurs because there is little molecular affinity between water and a hard shiny surface. And this would seem to be true even when the surface was made hard and shiny by the application and buffing of skid-retardant wax. If that is not true, it should be the burden of the defendant to introduce evidence explaining why the application of such wax operates to prevent a wet floor from becoming slippery.

It is contended that in our former opinions defining the duty of store owners to their patrons there was testimony that the presence of water on the floor made the floor slippery. Thus in *Pribble v. Safeway Stores*, 249 Or 184, 186, 437 P2d 745 (1968), a former employee of the defendant store testified that he knew that when the tile floor was wet it became "slippery and slick" and that "[t]ile floor, when it is wet, would always be slippery." The jury could have concluded without the foregoing testimony that tile floors when wet are generally slippery.

Likewise, in *Collins v. Kienow's Food Stores*, 251

Or 16, 17, 444 P2d 546 (1968), there was testimony by an expert witness that resilient linoleum "would not absorb water and that if the floor was wet it would be slippery when stepped on by a person wearing a shoe with a smooth sole impervious to water." Again, aside from the testimony of this witness, the jury could infer that the water on the linoleum floor would create a slippery condition.

In the present case it would be very difficult to explain how plaintiff could have found herself in a position where one leg "goes under the cooler" and the knee of her other leg strikes the floor unless she slipped on something.

In *Woulfe v. Durst*, 240 Or 259, 401 P2d 13 (1965), we held in effect that the jury could not infer a condition of slipperiness from the presence of caked earth on the floor. The dissenting opinion took the position that "[i]t is common knowledge that if sufficient pressure is exerted at an angle upon dirt caked on the floor its adhesion with the floor will be broken and it will slide." (240 Or at 263.) We now agree with the analysis of the dissenting opinion and therefore, to the extent that the view expressed in the majority opinion in *Woulfe v. Durst* is to the contrary, it is overruled.

The judgment is reversed with direction to reinstate the verdict.

McAllister, J. dissents.