297 A.2d 347.

JOSEPHINE CUTRONEO *vs.* F. W. WOOLWORTH CO.

DECEMBER 6, 1972..

PRESENT: Paolino, Powers, Joslin and Kelleher, JJ.

PER CURIAM. This is a negligence action wherein the plaintiff seeks damages for injuries she sustained when she fell in the defendant's store. A jury trial was held in the Superior Court. The trial justice reserved decision on the defendant's motion for a directed verdict. The jury awarded the plaintiff the sum of $1741.50. Thereafter, the trial justice directed the verdict for the defendant. The plaintiff appeals.

An examination of the record discloses that no written order or judgment embodying the grant of the directed verdict has been entered pursuant to the ruling first announced in *East Providence Credit Union* v. *Brown,* 104 R. I. 92, 242 A.2d 428 (1968), and repeated innumerable times thereafter. As will be seen, the circumstances of this case are such that we cannot remand its papers to the Superior Court for entry or *nunc pro tunc* judgment.

In substance, Super. R. Civ. P. 50 (c), when read in conjunction with Rule 59(b), provides that in those instances where a reserved motion for directed verdict has been granted, either party has ten days after entry of such a judgment during which he may serve a conditional motion for a new trial upon his adversary.

Since no judgment has been entered, neither litigant has filed a 50(c) motion. The use of this type of a motion avoids a fragmentary judicial review because it allows this court to determine in one proceeding the correctness of the grant of the directed verdict and, if there be error, to have the benefit of the trial justice's appraisal of weight of evidence and credibility of witnesses as he considered the new trial motion. Such a procedural device reduces the risk of needless extended litigation. *See Turenne* v. *Carl G. Olson Co.*, 94 R. I. 177, 179 A.2d 323 (1962).

The plaintiff's appeal is denied and dismissed without prejudice and the case is remitted to the Superior Court.

Mr. Chief Justice Roberts did not participate.

*Joseph G. Miller*, for plaintiff.

*Roberts & Willey, Incorporated, David W. Carroll*, for defendant.