**315 A.2d 56.**

JOSEPHINE CUTRONEO *vs.* F. W. WOOLWORTH ᐧCo.

FEBRUARY 14, 1974.

PRESENT: Paolino, Joslin, Kelleher and Doris, JJ.

JOSLIN, J. In this civil action the plaintiff seeks damages for injuries allegedly sustained when she slipped and fell as she entered the Woolworth store premises on Westminster Street in Providence. After a jury in the Superior Court returned a verdict in her favor, the trial justice granted the defendant's motion for a directed verdict on which he had reserved decision. The plaintiff thereupon appealed from the judgment entered thereon.[1]

Since the case comes to us solely on the question of whether the trial justice erred in granting defendant's motion for a direction, we view the evidence and the reasonable inferences to which it is susceptible in the same manner as was incumbent upon the trial justice, namely, in the light most favorable to the plaintiff and without regard to its weight or the credibility of the witnesses. *Molinari* v. *Sinclair Refining Co.,* 111 R. I. 490, 494, 304 A.2d 651, 654 (1973); *Gonsalves* v. *First National Stores, Inc.,* 111 R. I. 438, 440, 304 A.2d 44, 45 (1973).

On the facts so viewed it appears that on Saturday, April 22, 1967, plaintiff, then about sixty, took a bus to the downtown area of Providence intending to purchase a dress at a clearance sale at defendant's store. It was raining and her attire included a raincoat, boots and a plastic covering for her hat. When she arrived at defendant's store about one-half hour after its 9:30 a.m. opening, it was still raining lightly. She entered the store through

---

[1]See *Cutroneo* v. *F. W. Woolworth Co.,* 110 R. I. 734, 297 A.2d 347 (1972), in which the plaintiff's prior appeal in this case was dismissed because the action taken on the reserved motion for a direction had not then been embodied in a written order or judgment.

an outer door, walked through a foyer which was about five feet deep, passed through another door, and then started up a ramp which had been constructed in 1960 coincident with the opening of the store. That ramp rose about four feet along its 15-to-20-foot length, led to the main shopping area, and was covered with 12-inch squares of asphalt or vinyl tile most of which had a rough, sandpaper-like finish and were of an abrasive or nonskid variety. Interspersed among them, however, and particularly at the top of the ramp, were a number of "smooth" tiles.

As plaintiff walked up the ramp, she noticed that it was wet. Then, just as she had almost reached the top of the slope, she came to a part which was "all smooth, very smooth." In addition, it was "wet and spotty" with droplets "[a]s though someone had shaken an umbrella or something." First one foot and then the other slid out from under her as if she had slipped on ice, and she fell, injuring her left leg. It is for the injuries thus sustained and their consequences that she brought this action.

■ The parties agree generally that the controlling law on the issues raised by them is that a possessor of business premises, although not an insurer of the safety of its invitees, owes them a duty to use reasonable care to keep and maintain its premises in a safe condition for the purpose of the invitation extended, *Gonsalves* v. *First National Stores, Inc., supra* at 440-41, 304 A.2d at 45; *McVeigh* v. *McCullough,* 96 R. I. 412, 417, 192 A.2d 437, 441 (1963), and that it has a duty to protect against the risks reasonably to be apprehended from a dangerous condition existing on the premises, provided it knows of or by the exercise of reasonable care would have discovered that condition. *Molinari* v. *Sinclair Refining Co., supra;* 2 Restatement (Second) *Torts* §343 (1965).

Where the parties disagree is on whether the testimonial and inferential evidence, viewed most favorably to plain-

tiff, was sufficient to require a submission to the jury of the following question: (1) Did the wet, sloping, tile ramp in defendant's entranceway constitute a hazard to plaintiff? (2) Did defendant have actual or constructive notice that the ramp would become slippery when wet? and (3) Did defendant know or have reason to know that the ramp was wet at the time plaintiff slipped and fell?[2]

Those of our own cases which are of the most assistance on the question of whether defendant's ramp, if wet, would be hazardous to those who walk upon it are *Cardall* v. *Shartenberg's, Inc.*, 69 R. I. 97, 31 A.2d 12 (1943), and *Royer* v. *Najarian*, 60 R. I. 368, 198 A. 562 (1938). Both were "slip and fall" cases, and in each an expert testified that the particular kind of terrazzo used in paving the defendant-shopkeeper's vestibule where the plaintiff-patron fell would become slippery when wet. The expert in *Royer* said, in addition, that a person walking on such a pavement would be in danger of falling. In both cases it was held that such evidence justified an inference that the patron fell because of a dangerous condition which the storekeeper had allowed to develop.[3]

In this case, unlike the *Cardall* and *Royer* cases, there is no expert testimony that the ramp was so constructed that it became slippery when wet. But expert testimony is not always necessary. We made that clear in *McVeigh,*

---

[2]The parties have not argued, and we do not consider, questions of contributory negligence, assumption of the risk, and (assuming that a dangerous condition had developed) what warning should have been given or what safeguards should have been adopted to protect patrons lawfully using the ramp from the dangers inherent in its condition.

[3]Massachusetts appears to follow a contrary view, holding that a business visitor's slipping and falling upon a tile floor which becomes slippery when wet does not permit an inference of negligence "* * * in the absence of evidence that the injury was caused by a defect, or wear, or other condition not natural to the flooring." *Lowe* v. *National Shawmut Bank,* Mass., 292 N.E.2d 683, 685 (1973).

where the customer testified that as she crossed the threshold of the defendant's market she stepped into a large, deep puddle of water which had accumulated in a depression on the floor. It was slippery and she said she "slid like on a sheet of ice." That testimony, we held, reasonably warranted the inference that her "fall was caused by slipping because of the puddle." *McVeigh* v. *McCullough, supra* at 419, 192 A.2d at 442.

Here, plaintiff's positive testimony is not only that she slipped and fell as she stepped on the smooth part of the ramp which had become wet, but that her feet slid out quickly from under her and that when she fell it was like slipping and falling on ice. That testimony, it seems to us, is certainly no less susceptible to an inference of a dangerous condition than was the plaintiff's testimony in the *McVeigh* case.

Moreover, even were plaintiff's testimony insufficient as a basis for such an inference, we would still feel that in this case there was no need for an expert to testify. Perhaps expert testimony would have been necessary in times gone by when a tile floor was a relative rarity and the public acquaintance with it limited, but such floors have become so common today that persons of average intelligence in the ordinary course of their everyday experiences have learned that a smooth, nonabrasive tiled floor, particularly if sloping, is slippery when wet. *Dodge* v. *Tradewell Stores, Inc.*, 256 Ore. 514, 474 P.2d 745 (1970); *Barker* v. *Silverforb*, 201 S.W.2d 408, 414 (Mo. Ct. App. 1947); *contra, Brody* v. *Albert Lifson & Sons*, 17 N. J. 383, 391-92, 111 A.2d 504, 508 (1955).

That this is a matter of common knowledge serves two purposes here. First, it opens the door to a reasonable inference that the ramp in defendant's entranceway, because it was wet, was a hazard and caused plaintiff to fall. And second, the jury could have charged defendant with that

common knowledge, thereby refuting its contention that there is no evidence which will reasonably support an inference that it had actual or constructive notice that nonabrasive tiles are slippery when wet.[4]

Finally, we consider whether the record will reasonably support an inference that defendant had reason to know that the ramp was wet at the time plaintiff fell. It is true, as defendant stresses, that the store had been open for only about one-half hour prior to plaintiff's fall and that during that interval not more than six or seven customers had entered the premises. It is likewise true that the rainfall that morning had been light, totalling only 4/100ths of an inch.

But elapsed time, the intensity of the rainfall and the number of patrons who had entered the premises are not the sole tests for determining whether defendant had a reasonable opportunity to learn of the wet condition of the ramp. *See McVeigh, supra* at 421-22, 192 A.2d at 443. Instead, we must look at all attendant circumstances. Among those which are significant are that it was misty when defendant's assistant manager entered the store at about 8:30 a.m. and that the rain started prior to the store's 9:30 a.m. opening; that defendant covered the foyer floor with mats in accordance with the practice it customarily followed in rainy weather; and that the portion of the ramp on which plaintiff slipped and fell was in plain view of personnel stationed at defendant's check-out counters.

These circumstances and the inferences to which they are reasonably susceptible, it seems to us, were sufficient to require a jury to decide whether defendant had reason to know that the ramp was wet when plaintiff slipped and fell.

---

[4] In *Clark* v. *Worrall,* 146 Mont. 374, 380, 406 P.2d 822, 825 (1965), the knowledge that tile, if wet, is slippery was charged to an invitee on the question of her contributory negligence or assumption of the risk.

For the reasons indicated, the plaintiff's appeal is sustained, the judgment granting defendant's motion for a directed verdict is overruled, and the case is remitted to the Superior Court for further proceedings.

Mr. Chief Justice Roberts did not participate.

*Joseph G. Miller,* for plaintiff.

*Roberts & Willey Incorporated, David W. Carroll,* for defendant.