374 A.2d 795.

CATHERINE C. PIASCIK *vs.* THE SHEPARD COMPANY.

JUNE 21, 1977.

PRESENT: Bevilacqua, C. J., Paolino. Joslin, Kelleher and Doris, JJ.

PER CURIAM. This civil action for negligence seeking to recover damages for injuries sustained by reason of a fall on the defendant store's premises was tried to a Superior Court jury. The cause appears before us on the plaintiff's appeal from a Superior Court judgment granting the defendant's motion for a directed verdict.

On March 17, 1970, plaintiff was shopping in defendant's store in the city of Providence. After completing her business, plaintiff went to a store exit which led to Westminster Mall. As plaintiff placed her foot on a stone step immediately outside the exit door, her right foot slipped off the step causing her to fall forward and injure her right arm.

The record indicates that the weather was dry and clear and there was no evidence of any foreign material on the stone step. At the close of plaintiff's testimony, defendant's motion for a directed verdict was granted by the trial justice. From a judgment subsequently entered, plaintiff has appealed to this court.

On appeal, plaintiff argues that the trial justice erred in excluding certain evidence and rejecting her offer of proof. She also contends that the trial justice erred in granting defendant's motion for a directed verdict.

The plaintiff's offer of proof indicated that the evidence excluded was that although the stone step looked like an ordinary step on March 17, 1970, the day she fell, when she returned in July 1970 to examine the step, she noticed that the stone step was worn and slippery. She would have testified that in testing the step in July, her right foot slipped off the same way as it did at the time of her fall. After being apprised of the nature of this evidence, the trial justice refused to admit it as being too remote, not relevant to the issue and therefore unreliable. We find no error in that ruling.

On December 23, 1976, we issued an order assigning the case for oral argument on February 9, 1977, and directed the parties to show cause why the appeal should not be dismissed in the light of *Cutroneo v. F.W. Woolworth Co.,* 112 R.I. 696, 315 A.2d 56 (1974), and *Ziegler v. Providence Biltmore Hotel Co.,* 59 R.I. 326, 195 A. 397 (1937). *Piascik v. Shepard Co.,* 117 R.I. 961, 368 A.2d 1255 (1977). We heard oral argument on the show cause order in accordance with our December 23, 1976 order. We hold that plaintiff has failed to show cause why her appeal should not be denied.

In order for the plaintiff to prevail she would be required to produce evidence that the fall was attributable to the defendant's negligence and that the condition causing her fall had existed for a sufficiently long period of time so as to afford the defendant reasonable notice of its existence or that the defendant, after having acquired such notice, failed to remedy the condition or warn the plaintiff of its existence. *Lombardi v. Dryden Corp.,* 114 R.I. 202, 330 A.2d 416 (1975); *Cutroneo v. F.W. Woolworth Co.; Ziegler v. Providence Biltmore Hotel Co.,* both *supra.* The plaintiff failed to produce such evidence and the trial justice properly granted the defendant's motion for a directed verdict.

The plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed and the case is remitted to the Superior Court.

*Milton Bernstein,* for plaintiff.

*Higgins & Slattery, John A. Baglini,* for defendant.