Argued and submitted February 3, affirmed April 16, 1986

EVANS,
*Appellant,*

*v.*

McNUTT et al,
*Respondents.*

(C-83-10-152; CA A34960)

717 P2d 251

Richard A. Stark, Medford, argued the cause for appellant. With him on the brief was Stark and Hammack, Medford.

H. Scott Plouse, Medford, argued the cause for respondent Sprouse-Reitz Co., Inc. With him on the brief was Robert L. Cowling, Medford.

Paul L. Roess, Coos Bay, argued the cause for respondents John McNutt, Lois A. McNutt Schaefer and Brookings-Harbor Shopping Center, Ltd. On the brief were William A. McDaniel and Foss, Whitty & Roess, Coos Bay.

Before Joseph, Chief Judge, and Warren and Rossman, Judges.

WARREN, J.

**WARREN, J.**

This is an action for personal injury. The trial court granted defendants' motion for summary judgment, and plaintiff appeals. We affirm.

Under ORCP 47, summary judgment is proper if (1) the pleadings and depositions on file show that there is no genuine issue as to any material fact, and (2) that the moving party is entitled to judgment as a matter of law. On review, the record is viewed in the light most favorable to the party opposing the motion; here, the plaintiff. *See Stanfield v. Laccoarce,* 288 Or 659, 665, 607 P2d 177 (1980).

The facts set out by plaintiff's pleadings and deposition, and undisputed by defendants, indicate that plaintiff was making a delivery to defendants' store when he fell and was injured. The surface of the loading area where plaintiff was working was a sloped drainage ditch paved in a "V" shape. The surface was smooth, dry asphalt, with no holes or rocks. Plaintiff was pushing a 30 pound load on a hand truck over the sloped surface when his ankle buckled and he fell. He had been making deliveries to the shopping center for five years before the accident. Throughout the five years, he had seen people walk through the sloped area, but had never seen anyone fall.

Oregon follows the rule stated in Restatement (Second) Torts § 343 A:

"(1)   A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness."

The duty is not imposed in every case in which the possessor has knowledge of a dangerous condition upon his business premises. "The duty arises only when the condition is *unreasonably* dangerous." *Dawson v. Payless for Drugs,* 248 Or 334, 340, 433 P2d 1019 (1967) (emphasis in original).

There is no genuine issue as to any material fact. The undisputed facts show that plaintiff fell because of the sloped loading area. He had already traversed the same route at least once that same day. During his five years of making deliveries to this same shopping center, he had observed store customers walk through the sloped area and had never seen anyone fall.

Plaintiff argues that his statement as to how the accident happened raises an issue of fact as to whether defendant should have known of the unreasonably dangerous condition caused by the sloping ground. Plaintiff did not, however, present any facts, other than that he fell, to show that the slope was unreasonably dangerous. "The mere fact that the plaintiff * * * fell is not evidence of negligence * * *." *Delacroix v. Sanders,* 219 Or 494, 498, 347 P2d 966 (1959). Defendants were entitled to judgment as a matter of law.

Affirmed.