Cynthia NICHOLSON

v.

STATE of Rhode Island et al.

No. 87–551–A.

Supreme Court of Rhode Island.

April 26, 1989.

James T. McCormick, Providence, for plaintiff.

James E. O'Neil, Atty. Gen., David W. Dugan and Jeffrey J. Greer, Asst. Attys. Gen., for defendants.

OPINION

FAY, Chief Justice.

This is an appeal from an entry of judgment in the Superior Court in favor of the defendants on their motion to dismiss pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure. The pertinent facts of the case relevant to this appeal are briefly outlined as follows.

On July 28, 1981, plaintiff, Cynthia Nicholson, was visiting an inmate at the Medium Security Building of the State of Rhode Island Adult Correctional Institutions in Cranston, Rhode Island. While plaintiff was walking through the facility, she slipped on water and other debris and fell down a flight of stairs. Thereafter plaintiff commenced an action in the Superior Court, alleging that the state was negligent in the maintenance of the building. The defendants moved to dismiss, contending that they were immune from suit under the public duty doctrine. The trial justice granted the motion, holding that under *Knudsen v. Hall*, 490 A.2d 976 (R.I.1985), defendants did not owe a duty to Cynthia Nicholson in her individual capacity.

The sole issue before us is whether the public duty doctrine operates to bar plaintiff's action as a matter of law. Recently we addressed the issue of the liability of the state for injuries arising out of its negligent performance as a landowner. *O'Brien v. State of Rhode Island*, 555 A.2d 334 (R.I.1989). We noted that "the duties of the state as landowner * * * should be the same as that of any private person" because it performs the identical function. *O'Brien*, at 337. That duty is to maintain property in a reasonably safe condition for those persons who might come upon the land. *Id.* at 337–38 (citing *Cutroneo v. F.W. Woolworth Co.*, 112 R.I. 696, 315 A.2d 56 (1974); *Molinari v. Sinclair Refining Co.*, 111 R.I. 490, 304 A.2d 651 (1973); *Gonsalves v. First National Stores, Inc.*, 111 R.I. 438, 304 A.2d 44 (1973); *Dawson v. Rhode Island Auditorium, Inc.*, 104 R.I. 116, 242 A.2d 407 (1968)). Therefore, we found the special duty doctrine inapplicable, holding that it is unnecessary for a plaintiff to establish an individual duty

when the state acts as a landowner. *See O'Brien, supra; see also Catone v. Medberry,* 555 A.2d 328 (R.I.1989) (public duty doctrine does not apply where state acts as owner of motor vehicles).

■ We are of the opinion that our decision in *O'Brien* is clearly controlling and that Cynthia Nicholson has raised a genuine issue concerning the negligence of the state. In reaching this conclusion, we make no determination of liability. We also note that the trial justice was justified in dismissing plaintiff's complaint pursuant to *Knudsen v. Hall, supra,* because the decision was issued prior to *O'Brien.*

For the above reasons, we sustain the plaintiff's appeal, reverse the judgment of the trial court, and remand the case to the Superior Court for further proceedings consistent with this opinion.