Princess JONES as next friend for James Jones

v.

CITY OF PROVIDENCE and its Treasurer Stephen Napolitano.

No. 97–569–Appeal.

Supreme Court of Rhode Island.

Oct. 28, 1998.

Peter P. D'Amico, Providence.

Richard G. Riendeau, Gordon D. Fox, Providence.

### ORDER

This case came before a hearing panel of this court for oral argument on October 20, 1998, pursuant to an order which had directed both parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown. Therefore, the issues raised by this appeal will be decided at this time.

The plaintiff, Princess Jones, mother and next friend of James Jones, has appealed from the entry of a judgment in favor of the defendant, City of Providence. This judgment was entered following the grant by the trial justice of a motion for entry of judgment as a matter of law.

James Jones was a twelve-year old student at the Nathaniel Green Middle School in Providence, Rhode Island. On November 5,

1992, after lunch, James attempted to leave the lunchroom through a set of swinging doors which led to his next classroom. The door began to swing shut in his direction, and he raised his left hand to stop it. Instead of stopping the door, James's hand passed through an opening in the door where a pane of glass would normally have been inserted, thereby preventing him from keeping the door from closing. James's right hand was resting on the door jam at the time, and two of his fingers were severed as a result of the door closing on that hand. James was taken to the emergency room where his fingers were reattached. James was absent from school for three weeks and allegedly suffers from numbness, tingling, pain in his fingers, and incomplete use of the fingers.

The trial justice granted the motion for judgment as a matter of law on the ground that there was a complete absence of any evidence that the City of Providence, which owned and operated the school, had any notice that the pane of glass in the door was missing, nor did it have any notice of how long that condition had existed.

In reviewing the granting of a motion for judgment as a matter of law, this court follows the same standard as that applied by the trial justice. It must view the evidence in the light most favorable to the nonmoving part and must draw all reasonable favorable inferences from such evidence without weighing the evidence or determining the credibility of the witnesses. *Rickey v. Boden*, 421 A.2d 539, 542–43 (R.I.1980). In the case at bar, the trial justice observed that he was faced with a record upon which evidence of notice was entirely lacking. He could draw no inferences relating to knowledge on the part of the representatives of the city that the pane of glass was missing or for what period that condition existed. Consequently, any determination concerning notice would have been mere speculation on his part or upon the part of the jury if that issue were submitted to it.

We have frequently held that a plaintiff who seeks to recover from the owner of premises for a defective condition must prove as an element necessary to establish negligence that the condition which caused the injury had "existed for a sufficiently long period of time so as to afford the defendant reasonable notice of its existence or that the defendant, after having received such notice, failed to remedy the condition or warm the plaintiff of its existence." *See Piascik v. Shepard Co.*, 118 R.I. 425, 426, 374 A.2d 795, 796 (1977) and cases cited therein.

Consequently, the trial justice, based on the state of the record before the court, had no alternative except to grant the motion for judgment as a matter of law in accordance with Rule 50 of the Superior Court Rules of Civil Procedure.

Therefore, the plaintiff's appeal is denied and dismissed. The judgment of the Superior Court is affirmed.

Justices FLANDERS and GOLDBERG did not participate.