■ KATHERINE C. BOULOUKOS, Respondent, v VASSAR BROTHERS HOSPITAL, Appellant. [691 NYS2d 570] —In a negligence action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Dutchess County (Bernhard, J.), dated May 5, 1998, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff alleged in her pleadings that she slipped and fell on a lobby floor of the defendant's premises as a result of the defendant's negligence in improperly and negligently applying wax to the floor, causing the floor to become excessively waxed, oiled, and unusually slippery. The only evidence to support this claim is the plaintiff's statement that she observed the floor to be very shiny, and she believed the floor was excessively waxed.

" ' "[T]he fact that a floor is slippery by reason of its smoothness or polish, in the absence of a negligent application of wax or polish, does not give rise to a cause of action or give rise to an inference of negligence" ' " (*Calabrese v B.P.O. Elks Lodge*, 215 AD2d 345, 346, quoting *Pizzi v Bradlee's Div.*, 172 AD2d 504; *Silver v Brodsky*, 112 AD2d 213; *see also, Guzman v Initial Contract Servs.*, 256 AD2d 308). In support of its motion for summary judgment the defendant established that it was not negligent in the application of wax or polish to the floor, nor did it otherwise create a hazardous condition. The plaintiff's opposition papers failed to raise a triable issue of fact that the defendant was negligent. Accordingly, the court erred in denying the defendant's motion for summary judgment. O'Brien, J. P., Florio, H. Miller and Smith, JJ., concur.