**Maureen HABERSHAW et al.**

**v.**

**MICHAELS STORES, INC. et al.**

**No. 2011–94–Appeal.**

Supreme Court of Rhode Island.

May 17, 2012.

Ronald J. Resmini, Esq., Providence, for Plaintiff.

John A. Caletri, Esq., Providence, for Defendant.

Present: SUTTELL, C.J., GOLDBERG, FLAHERTY, ROBINSON, and INDEGLIA, JJ.

**OPINION**

Justice FLAHERTY, for the Court.

This negligence and breach of contract action arises out of the plaintiff's fall in one of the defendant's stores in Smithfield. The plaintiff, Maureen Habershaw, appeals from the Superior Court's grant of a motion for summary judgment in favor of the defendant, Michaels Stores, Inc. This case came before the Supreme Court on March 6, 2012, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments of counsel and reviewing the memoranda submitted on behalf of the parties, we are satisfied that cause has not been shown and we will proceed to decide the appeal without further briefing or argument. For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

**Facts and Travel**

An ill-fated late afternoon shopping trip to Michaels store in Smithfield led to a fall that resulted in injury to plaintiff. The plaintiff alleged that while placing items she was about to purchase onto the cashier's counter, her left foot slipped out from under her and she fell to the floor, landing on her left side. After the accident, plaintiff surveyed her surroundings and noticed what she described as a "shiny floor." The plaintiff experienced immediate pain in her left shoulder, hip, and foot, and emergency personnel brought her to Miriam Hospital by rescue. The plaintiff claimed that as a result of her injuries, she incurred significant medical expenses and suffered physical and emotional trauma.

The plaintiff filed a negligence action against defendant,[1] alleging in her complaint that defendant owed plaintiff a duty to maintain its premises in a "good, clean and safe condition," that it had failed to adhere to that duty, that because of defendant's negligence, plaintiff fell, and as a direct result of that negligence, plaintiff suffered severe personal injury.[2]

The plaintiff subsequently was deposed by defendant; she testified that, at the time of her fall, the weather was warm and

---

1. In the complaint, plaintiff also named an unascertained John Doe defendant.

2. The original and amended complaint also included a loss of consortium claim on behalf of plaintiff's husband, Joseph Habershaw. Mr. Habershaw is not a party to this appeal.

sunny, and the store was properly lit and clean. Although plaintiff alleged that the floor was "shiny," she admitted that she did not see any slippery substances in or around the area where she fell or, for that matter, anywhere else in the store.

Soon thereafter, defendant filed a motion for summary judgment under Rule 56(b) of the Superior Court Rules of Civil Procedure,[3] maintaining that plaintiff could not prove that a dangerous condition existed on the premises at the time of her fall. While the motion for summary judgment was pending, the Superior Court allowed plaintiff to amend her complaint to include a breach-of-contract claim.[4]

The defendant's motion for summary judgment on the negligence and loss of consortium claims was granted on March 19, 2010. In making its ruling, the court found that plaintiff had failed to present evidence that would suggest that the shiny floor could lead to a reasonable inference that a dangerous condition existed at the time of her fall. Subsequently, defendant's motion for summary judgment on the breach-of-contract claim was granted on January 14, 2011. On that same day, final judgment was entered in defendant's favor under Rule 54(b) of the Superior Court Rules of Civil Procedure. An appeal to this Court was timely filed on January 21, 2011.

Before this Court, plaintiff argues that the motion justice erred when he deter-

mined that there was no genuine issue of material fact about whether a dangerous condition existed at the time of plaintiff's fall.[5]

## Standard of Review

 "This Court reviews *de novo* a trial justice's decision granting summary judgment." *Higgins v. Rhode Island Hospital*, 35 A.3d 919, 922 (R.I.2012) (quoting *Lynch v. Spirit Rent–A–Car, Inc.*, 965 A.2d 417, 424 (R.I.2009)). "Summary judgment is appropriate when, viewing the facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party, the court determines that there are no issues of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *DuBois v. Quilitzsch*, 21 A.3d 375, 379 (R.I.2011) (quoting *Montiero v. Silver Lake I, L.P.*, 813 A.2d 978, 980 (R.I.2003)). The party opposing the motion for summary judgment "has the burden of proving by competent evidence the existence of a disputed issue of material fact and cannot rest upon mere allegations or denials in the pleadings, mere conclusions or mere legal opinions." *Berardis v. Louangxay*, 969 A.2d 1288, 1291 (R.I.2009) (quoting *Benaski v. Weinberg*, 899 A.2d 499, 502 (R.I.2006)).

## Analysis

 This case presents us with the question of whether an allegation that a

---

3. Rule 56(b) of the Superior Court Rules of Civil Procedure provides: "A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for summary judgment in the party's favor as to all or any part thereof."

4. Pursuant to our liberal pleading rules, plaintiff was allowed to amend her complaint. *See* Rule 15(a) of the Superior Court Rules of Civil Procedure. However, the court did note

that the motion to amend the complaint "met, just barely" its burden.

5. The plaintiff appealed the Superior Court's ruling on the breach-of-contract claim as well as the tort claim; however, at oral argument, counsel acknowledged that even under a contract theory, the claim fails without proof of the existence of a dangerous condition on the floor. Since we hold that no evidence of a dangerous condition was presented, we need not address the contract claim specifically.

floor was shiny, standing alone, can withstand a challenge to a claim that a plaintiff was injured as a result of a dangerous condition. It is well settled that to prevail on a claim of negligence "a plaintiff must establish a legally cognizable duty owed by a defendant to a plaintiff, a breach of that duty, proximate causation between the conduct and the resulting injury, and the actual loss or damage." *Holley v. Argonaut Holdings, Inc.*, 968 A.2d 271, 274 (R.I.2009) (quoting *Willis v. Omar*, 954 A.2d 126, 129 (R.I.2008)); *see also Selwyn v. Ward*, 879 A.2d 882, 886 (R.I.2005) (citing *Mills v. State Sales, Inc.*, 824 A.2d 461, 467–68 (R.I.2003)).

It also is well settled in our jurisprudence that there is an affirmative duty on owners and possessors of property:

"to exercise reasonable care for the safety of persons reasonably expected to be on the premises * * * includ[ing] an obligation to protect against the risks of a dangerous condition existing on the premises, provided the landowner knows of, or by the exercise of reasonable care would have discovered, the dangerous condition." *Kurczy v. St. Joseph Veterans Association, Inc.*, 820 A.2d 929, 935 (R.I.2003) (quoting *Tancrelle v. Friendly Ice Cream Corp.*, 756 A.2d 744, 752 (R.I. 2000)); *accord Mead v. Papa Razzi Restaurant*, 840 A.2d 1103, 1107 (R.I.2004).

Although a business invitor is not a guarantor of the safety of those who might be expected on the property, a duty remains to maintain the premises in a reasonably safe condition for prospective business invitees. *Terry v. Central Auto Radiators, Inc.*, 732 A.2d 713, 716 (R.I.1999).

To recover in a slip-and-fall action such as the case before us here, a plaintiff "must present evidence of an unsafe condition on the premises of which the defendant was aware or should have been aware, and that the condition existed for a long enough time so the owner of the premises should have taken steps to correct [it]." *Bromaghim v. Furney*, 808 A.2d 615, 617 (R.I.2002) (citing *Barone v. Christmas Tree Shop*, 767 A.2d 66, 68 (R.I. 2001)).

The motion for summary judgment filed by Michaels relied, to a great extent, on the deposition testimony of plaintiff, and the motion directed the Superior Court's attention to the following portion of that transcript:

"Q. Did you observe any slippery substances in the area where you fell?

"A. No, I only observed that the floor was shiny.

" * * *

"Q. After you fell, you looked around to see what may have made you fall?

"A. Yes.

"Q. And you saw that the floor was shiny?

"A. Yes.

" * * *

"Q. After you fell, and you looked around, did you notice any slippery substances like water or juice?

"A. No.

"Q. How about other debris, like candy wrappers, for example, or something like that?

"A. I didn't notice, but I wasn't looking. I only looked, like, from my eyes, out to this small area."

The plaintiff argues that the case at bar should move the Court to reach the same result as in *Cutroneo v. F. W. Woolworth Co.*, 112 R.I. 696, 315 A.2d 56 (1974). In that case, we held that the plaintiff's testimony about her slip and fall on a wet, sloping tile ramp could have led to an inference of a dangerous condition. *Id.* at 700, 315 A.2d at 59. There, the plaintiff arrived at the defendant's store on a wet

and rainy day and she began to walk up a sloped ramp that was covered with rough tile interspersed with a number of smooth tiles. *Id.* at 697–98, 315 A.2d at 57–58. The plaintiff fell on what she described as a smooth, wet area of the ramp. *Id.* at 700, 315 A.2d at 59.

On appeal from the trial justice's grant of a directed verdict for the defendant, this Court held that the record supported an inference that the ramp was a hazard, and that the defendant had knowledge that the ramp was wet at the time of the plaintiff's fall. *Cutroneo,* 112 R.I. at 700–01, 315 A.2d at 59. In this case, plaintiff has not alleged that it was raining or that any slippery substances were on the floor. *See id.* at 697–98, 315 A.2d at 57–58. We are unable to conclude that *Cutroneo* supports plaintiff's argument because the facts of that case are so starkly distinguishable from those in the case at bar.

This Court has not yet addressed this issue, but other courts systematically have rejected negligence claims that are supported by a mere allegation of a shiny floor. *See Ventriglio v. Staten Island University Hospital,* 6 A.D.3d 525, 774 N.Y.S.2d 571, 572 (2004) (holding that absent evidence that wax or polish had been negligently applied, a smooth, shiny or slippery floor does not support an action for negligence or infer negligence); *Bouloukos v. Vassar Brothers Hospital,* 262 A.D.2d 342, 691 N.Y.S.2d 570, 571 (1999) (holding slipperiness caused by smoothness or polish did not constitute a dangerous condition absent evidence of a negligent application of wax).

The plaintiff did not testify that her fall was occasioned by any foreign substance on the floor, or that polish or wax had been negligently applied to the floor by defendant. The plaintiff has failed to produce any evidence that would give rise to a reasonable inference that a hazardous condition, created by defendant, existed.

The allegation that the floor was shiny, without more, was not "competent evidence" of defendant's negligence and plaintiff's allegation is nothing more than "conjecture or speculation." *Santiago v. First Student, Inc.,* 839 A.2d 550, 552 (R.I.2004) (quoting *Skaling v. Aetna Insurance Co.,* 742 A.2d 282, 288 (R.I.1999)). We reiterate that "the mere occurrence of an accident, without more, does not warrant an inference that a defendant has been negligent." *Id.* (quoting *Hernandez v. Fernandez,* 697 A.2d 1101, 1103 (R.I.1997)).

Consequently, the Superior Court did not err when it granted the defendant's motion for summary judgment because there was no issue of material fact about whether a dangerous condition existed at the time of the plaintiff's fall. To the contrary, there was a complete absence of any evidence upon which the defendant's negligence could be established.

### Conclusion

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.