## CHARLES SPIEGEL vs. T. A. GRANDE.

### FEBRUARY 27, 1924.

PRESENT: Sweetland, C. J., Vincent, Stearns, and Sweeney, JJ.

*(1)  New Trials.  Verdicts.*

A justice of the Superior Court should give weight to the verdict of a jury and not set it aside upon a mere doubt as to its correctness.

*(2)  New Trials.  Trial and Appellate Courts.*

To justify an appellate court in granting a new trial it should appear that the evidence very strongly preponderates against the verdict but in the case of the trial court, where the justice had the same opportunity of forming his conclusions as the jury, he should grant a new trial when in his judgment the verdict is contrary to the fair preponderance of the evidence.

*(3)  New trials.  Verdicts.*

Where a verdict has not received the approval of the trial court although his judgment did not warrant him in saying it was against the fair preponderance of the evidence, the appellate court will examine the record to ascertain if the evidence very strongly preponderates against the verdict.

ASSUMPSIT. Heard on exceptions of defendant and overruled.

SWEETLAND, C. J. This is an action of the case in assumpsit.

The case was heard before a justice of the Superior Court sitting with a jury and resulted in a verdict for the plaintiff. The defendant duly filed his motion for a new trial which was denied by said justice. The case is before us upon the defendant's exception to the decision upon the motion for new trial, and upon certain exceptions taken to the charge of the justice to the jury.

The exceptions to the charge have not been pressed by the defendant. They are not waived, however. It appears from the transcript that those portions of the charge, to which the defendant excepted were modified when the attention of the justice was called to the objections of the defendant. As the jury was finally instructed upon the points involved the charge is without error. These exceptions are overruled.

From the language of the decision on the motion for new trial the defendant urges that the justice in fact disapproved of the jury's verdict but that he failed to set it aside from an erroneous conception of his powers and duty in that regard. The defendant interprets the decision to mean that if the justice should give effect to his own determination as to the credibility of the witnesses he would thereby encroach upon the province of the jury in a matter which is peculiarly and exclusively for its determination, and that to set aside the verdict because he had arrived at a different conclusion would be improperly to assume the functions of the members of the jury, and to substitute his opinion for theirs. Although the language of the decision admits of that interpretation, we are of the opinion that it was not intended as a statement of restricted authority in the justice, generally, when acting upon motions for new trials, but merely that in the case before him he was in so much doubt as to what would be a just determination upon the questions of the credibility of the opposing witnesses, and of the weight of the evidence, that he did not feel justified in disturbing the conclusions of the jury.

The rule has been reiterated by this court that it is the duty of justices of the Superior Court to grant new trials when their superior and comprehensive judgment teaches them that the verdict does not administer substantial justice to the parties. If they fail in this respect they render abortive the scheme set up in the Court and Practice Act of 1905 for making the system of jury trials a more effective instrument for the doing of justice. The granting of a new trial on the ground that the verdict is contrary to the evidence is in every instance a substitution of the conclusion of the justice presiding for the finding of the jury. Such action, however, is not a violation of the constitutional provision declaring that "the right of trial by jury shall remain inviolate." That provision does not require that the verdict of a jury shall be treated as inviolate when in the judgment of the trained jurist who presides at the

trial it is contrary to the evidence. The judgment of the justice upon the facts, however, is not conclusive. The final determination upon conflicting evidence is still to be made by another jury. In any case, after a succession of concurring verdicts, each of which has been disapproved, the time will be reached when litigation ought to cease, and the verdict, though unsatisfactory to the justice presiding, be allowed to stand. When that period shall have arrived is for this court to determine. In passing on the weight of evidence upon motions for new trial a justice is in a position fairly to consider, and to pass upon the credence to be given the opposing witnesses. He saw them upon the stand and heard their testimony. In forming his conclusion upon the weight of evidence the credibility of witnesses is necessarily involved. At that time this question is as peculiarly within his province as it was within that of the jury in deliberating upon and in rendering the verdict.

In view of what this court has previously said upon the subject we shall not assume that said justice was applying a different rule in rendering his decision in this case. His real position is shown in the concluding language of his decision, which is as follows: "I am free to say that I expected the jury to bring in a different verdict from that which they actually rendered but I have no such firm conviction of their error as to be willing to say from the evidence presented that the verdict is against a fair preponderance of the evidence or that substantial justice has not been done between the parties." We interpret this language to mean that he does not approve the verdict, yet after passing upon the credence which he will give to the testimony of the witnesses and weighing the evidence he finds the matter so nearly balanced that his mind is left in such doubt that he is unwilling to oppose his opinion to the contrary judgment of the jury. By the use of the expression "firm conviction" it might appear that he regards himself as limited by the same rule as

that which is applied by appellate courts. Such is not the necessary conclusion from the context. A justice of the Superior Court properly should give weight to the jury's finding, and not set it aside upon a mere doubt as to its correctness. In *McMahon* v. *R. I. Co.* 32 R. I. 237, the court approved the following statement of the position of a *nisi prius* judge in considering a jury's verdict: "But when his judgment tells him that it is wrong that whether from mistake or prejudice or other cause the jury have erred and found against the fair preponderance of the evidence then no duty is more imperative than that of setting aside a verdict and remanding the question to another jury." In that case also the court pointed out the difference between the functions of a trial court and those of a court of last resort. As to the latter, where only the written transcript of the evidence is before the appellate court, it is a rule long established that to justify granting a new trial it should appear that the evidence very strongly preponderates against the verdict. In the case of the justice of a trial court, who had the same opportunity of forming his conclusions as the jury, he should grant a new trial when in his judgment the verdict is contrary to the fair preponderance of the evidence. If in such circumstances he should rule otherwise he would commit reversible error.

Upon the exception to the decision on the motion for new trial we must treat the verdict as not having the approval of said justice, although his judgment does not warrant him in saying that it is against the fair preponderance of the evidence. With no further assistance from him we must examine the evidence and apply the rule of a court of last resort. Does the evidence as it appears in the transcript very strongly preponderate against the verdict? We have read it carefully. The testimony of the witnesses is in sharp conflict. The written transcript furnishes no aid for a determination as to which is probably false and which is worthy of belief. We can not say that the evidence

clearly fails to support the verdict, as to which question the trial justice was unable to say that it fairly preponderates against it.

The defendant's exeptions are all overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict.

*Edward C. Stiness, Daniel H. Morrissey, Francis J. O'Brien,* for plaintiff.

*John L. Curran,* for defendant.