Anthony PERKINS

v.

**CITY OF PROVIDENCE et al.**

**No. 99–414–APPEAL.**

Supreme Court of Rhode Island.

Oct. 26, 2001.

John J. DeSimone, for Plaintiff.

Richard G. Riendeau, Providence, for Defendant.

Present: WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Court for oral argument on September 24, 2001, pursuant to an order that directed both parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by the appeal should be decided at this time.

This appeal arises from a motion for new trial that was granted after plaintiff prevailed in his action to recover for personal injuries resulting from an automobile accident. On April 28, 1993, plaintiff Anthony Perkins (plaintiff), was driving his vehicle through an intersection on the East Side of Providence. His vehicle allegedly was struck by a truck owned by the City of Providence and driven by a city employee, William T. DeQuattro, Jr. (collectively referred to as defendants). In June 1999, a three-day jury trial was held in the Superior Court. The jury returned a verdict for plaintiff. The defendants then moved for a new trial, alleging that the verdict was

against the fair preponderance of the evidence. The trial justice granted the motion pursuant to Rule 59 of the Superior Court Rules of Civil Procedure. The plaintiff appealed.

Rule 59 provides that:

"(a) *Grounds.* A new trial may be granted to all or any of the parties and on all or part of the issues, (1) in an action in which there has been a trial by jury for error of law occurring at the trial or for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of this state * * *."

In *Kurczy v. St. Joseph Veterans Association, Inc.,* we held that:

"[o]n a motion for new trial, 'a trial justice, as he * * * considers the pros and cons of such a motion, acts as a "super juror" or a "[seventh] juror" in that he * * * makes an independent appraisal of the evidence in the light of his * * * charge to the jury. [The trial justice] can weigh the evidence and assess the witnesses' credibility. He * * * can reject some evidence and draw inferences which are reasonable in view of the testimony and evidence in the record.' After he * * * finishes his * * * sifting of the evidence, the trial justice must make a choice. He * * * can * * * follow the route designed for times when he * * * thinks the testimony so evenly balanced that the verdict should not be disturbed, or he * * * can go the way established for those occasions when his * * * "superior judgment" tells him * * * that the verdict is against the preponderance of the evidence and thereby fails to either do justice to the parties or respond to the merits of the controversy. If he * * * determines that the evidence presented an "evenly balanced-reasonable minds could differ" situation, he * * * denies the motion. On the other hand, if [the

trial justice] is of the opinion that the verdict is not a proper response to the evidence, he * * * grants the motion.' " 713 A.2d 766, 770 (R.I.1998) (quoting *State v. Doctor,* 690 A.2d 321, 329 (R.I. 1997)).

Furthermore,

"[w]e have said on numerous occasions that if a trial justice reviews the evidence, comments on the weight of the evidence and the credibility of the witnesses, and exercises his * * * independent judgment, his * * * determination either granting or denying a motion for new trial will not be disturbed unless he * * * has overlooked or misconceived material and relevant evidence or was otherwise clearly wrong." *Kurczy,* 713 A.2d at 770 (quoting *Pantalone v. Advanced Energy Delivery Systems, Inc.,* 694 A.2d 1213, 1216 (R.I.1997)); *see also Votolato v. Merandi,* 747 A.2d 455, 459 (R.I.2000).

The trial justice granted defendants' motion for new trial for two reasons. First, the trial justice found that plaintiff was "so lacking in credibility as to be totally unworthy of belief." She based her determination on two inconsistencies in plaintiff's testimony. The plaintiff testified that there was a terrific impact when defendant's truck collided with his car and that the frame of the car was twisted. However, the photographs of plaintiff's vehicle were inconsistent with his testimony. He testified that he was tossed around within his vehicle by the impact. However, he told emergency room personnel that he was wearing his seat belt. When that inconsistency was raised at trial, plaintiff then admitted that he was not wearing a seat belt at all. From these inconsistencies, the trial justice determined that reasonable minds could not disagree about plaintiff's credibility.

Second, and critical to the jury's ability to weigh the evidence, the trial justice determined that plaintiff had failed to disclose evidence of a previous accident. Apparently, plaintiff had suffered injuries similar to the ones claimed in the instant litigation, in a 1991 motor vehicle accident. However, when defendants propounded interrogatories aimed at revealing previous similar injuries, plaintiff did not fully disclose the details of the previous accident. The trial justice found that plaintiff also failed to fully disclose the nature and extent of the previous injuries to his treating physicians. The trial justice determined that plaintiff's treating physicians' testimony was tainted since they did not base their opinions on all the relevant information.

Both of those reasons, as set forth by the trial justice, are well-founded in the record. Therefore, it is apparent that the trial justice did not overlook or misconceive material and relevant evidence and was not clearly wrong in her decision to grant the defendants' motion for new trial. *See Votolato,* 747 A.2d at 461.

Accordingly, the plaintiff's appeal is denied and dismissed and the judgment of the Superior Court is affirmed. The papers in the case may be remanded to the Superior Court.