Ernest G. BROMAGHIM

v.

William FURNEY et al.

No. 2001–192–Appeal.

Supreme Court of Rhode Island.

Oct. 28, 2002.

James J. McKenna, Providence, for Plaintiff.

Peter E. Garvey, Providence, for Defendant.

Present: WILLIAMS, C.J., LEDERBERG, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Court on September 25, 2002, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After hearing arguments of counsel and reviewing the memoranda submitted by the parties, we are satisfied that cause has not been shown. Accordingly, we shall decide the appeal at this time.

The defendants, Donna and William Furney (defendants), owners of residential property in the city of Warwick, decided to convert their existing garage into a kitchen. The defendants commissioned the services of an architect. An independent contractor, Joseph Walsh (Walsh), was retained to accomplish the renovation.[1] The independent contractor built a set of temporary steps leading into the area under construction. The testimony disclosed that the stairs were constructed of wood and appeared finished and permanently affixed to the house.

On the morning of April 4, 1996, the plaintiff, Ernest G. Bromaghim (Bromaghim or plaintiff) was delivering kitchen cabinets to the residence and was directed by Mrs. Furney to use the side door and the temporary stairs. The plaintiff testified that, before delivering the cabinets, he inspected the steps and the area around the side door but did not discover any defects or unsafe condition. Although the temporary steps appeared to be securely affixed to the structure, the stairs shifted sideways as plaintiff was bringing the cabinets into the construction area, causing plaintiff to severely injure his left knee. Subsequently, plaintiff discovered that the temporary steps were not properly attached to the structure.

The defendants were not involved in the construction or installation of the stairs, nor did they witness or inspect the work done by the independent contractor. Further, there was no evidence introduced suggesting that defendants were aware of any defects in the temporary stairs before plaintiff fell.

At the close of plaintiff's case, the trial justice granted defendants' motion for a judgment as a matter of law, on the ground that defendants are not liable for the negligence of the independent contractor.[2] The trial justice further found that there existed a latent defect in the temporary stairs. Consequently, she concluded that defendants had no actual notice of the defect, and therefore were not liable to plaintiff. The plaintiff has appealed.

---

1. Although the question of whether Walsh was retained by the architect or defendants was never resolved by the jury, the trial justice found that the evidence suggested that Walsh was retained by the architect.

2. The file discloses that summary judgment was entered in favor of Walsh pursuant to Rule 56 of the Superior Court Rules of Civil Procedure, the statute of limitations having expired.

Rule 50(a)(1) of the Superior Court Rules of Civil Procedure provides:

"If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue."

█ In ruling on a Rule 50 motion, the trial justice must view the evidence in a light most favorable to the adverse party and is obliged to give such party the benefit of all reasonable and legitimate inferences. If the trial justice finds that there exists issues upon which reasonable persons might draw conflicting conclusions, the motion should be denied. *Tomaino v. Concord Oil of Newport,* 709 A.2d 1016, 1020–21 (R.I.1998) (citing *AAA Pool Service & Supply, Inc. v. Aetna Casualty and Surety Co.,* 479 A.2d 112, 115 (R.I.1984)); *Caranci v. Howard,* 708 A.2d 1321, 1327 (R.I.1998).

█ In general, "one who employs an independent contractor is not liable for the negligent acts of that contractor." *East Coast Collision & Restoration Inc. v. Allyn,* 742 A.2d 273, 275 (R.I.1999); *Ballet Fabrics, Inc. v. Four Dee Realty Co.,* 112 R.I. 612, 621, 314 A.2d 1, 6 (1974). Specifically, in *East Coast Collision,* 742 A.2d at 276, we held that the owner-landlords of the premises were not liable to the tenant for the independent contractor's negligence when they did not assume a duty to supervise the work and the activity was not inherently dangerous. Further, an independent contractor, not the owner, is liable to third parties for all damages arising from his negligence while the work is in progress, is under his exclusive control, and has not been accepted by the owner. *Read v. East Providence Fire District,* 20 R.I. 574, 578, 40 A. 760, 761 (1898). However, "the owner, without formally accepting the work * * * [may assume] practical control of the structure by appropriating it to the use for which it was erected. [By doing so the owner treats] the structure as its own and [becomes] responsible for injury * * *." *Id.*

█ In cases involving a latent defect, the plaintiff must prove that "sufficient evidence existed to show that the defendants knew or should have known of an unsafe condition on their premises." *Massart v. Toys R Us, Inc.,* 708 A.2d 187, 189 (R.I.1998). Thus, a plaintiff in a slip and fall case must present evidence of an unsafe condition on the premises of which the defendant was aware or should have been aware, and that the condition existed for a long enough time so the owner of the premises should have taken steps to correct the condition. *Barone v. Christmas Tree Shop,* 767 A.2d 66, 68 (R.I.2001).

█ Based upon our careful review of the evidence in this case, we are satisfied that the plaintiff failed to prove that the defendants assumed control over the premises while the work was in progress and that the independent contractor no longer was in control of the project. The plaintiff also failed to prove that the work actually or impliedly was accepted by the owners. Finally, there was no evidence that the defendants knew or should have known of an unsafe condition on their premises sufficient to overcome our established precedent. *East Coast Collision & Restoration, Inc. v. Allyn,* 742 A.2d 273 (R.I.1999). Without this evidence, the trial justice concluded that the defects, if any, were latent defects for which the defendants cannot be held liable. Thus, when

viewed in the light most favorable to the plaintiff, no inference of control of the premises or knowledge of the defect could be properly drawn from the evidence produced at trial.

Accordingly, for the reasons set forth herein, the plaintiff's appeal is denied and dismissed and the judgment of the Superior Court is affirmed. The papers in this case are remanded to the Superior Court.