Terry S. **LIEBERMAN**

v.

**BLISS–DORIS REALTY ASSOCIATES, L.P., et al.**

**No. 2002–191–Appeal.**

Supreme Court of Rhode Island.

April 14, 2003.

Glenn R. Friedemann, Providence, for Plaintiff.

David H. Stillman, Braintree, MA, and Elizabeth Page Fecteau, East Providence, for Defendant.

Present: WILLIAMS, C.J., FLANDERS, GOLDBERG, JJ., and SHEA, J. (Ret.).

## OPINION

PER CURIAM.

This case came before the Court for oral argument on February 3, 2003, pursuant to an order that had directed all parties to appear and to show cause why the issues raised in this appeal should not summarily be decided. After considering the arguments of counsel and the memoranda filed by the parties, we are of the opinion that cause has not been shown and shall proceed to decide the appeal at this time.

The defendants, Bliss–Doris Realty Associates, L.P., et al. (defendants) appeal the trial justice's order granting plaintiff's motion for a new trial following entry of judgment in favor of defendants after a jury trial. For the reasons set forth below, we sustain defendants' appeal.

This premises liability matter arose from an injury that plaintiff, Terry S. Lieberman (plaintiff), suffered on February 11, 1997, while descending a common stairwell on defendants' property at 245 Waterman Street, Providence (hereinafter Doris Building). The plaintiff was an independent contractor employed as a part-time copywriter at Roberta Segal and Associates, situated on the fourth floor of the Doris Building.[1] The plaintiff testified that she routinely used the stairs to get to and come from the parking lot. On the night of the incident, plaintiff worked late, until 6:45 p.m. After leaving her office on the fourth floor, she realized that the hall lights were off. She turned on the lights in the hall and went through the fire door, which opened into the stairwell. The plaintiff testified that the lights on the fourth-floor landing were off, but, the stairway was lit by lights at a lower-floor landing. Rather than turn on the lights on the fourth-floor landing, she chose to walk down the stairs guided only by the lighting below. Without warning, the lights went out while plaintiff was midway between floors. She did not call out for someone to turn the lights on because she thought that she was alone and that the lights went out mechanically. She paused, hoping that her eyes would adjust to the darkness. However, plaintiff testified, the stairwell remained pitch black and she continued down the remaining stairs while holding the banister for support. She lost her footing and fell down the stairs, landing on the third-floor platform. She experienced tremendous pain in her left knee, her left hip, and both feet. After she cried out, a man turned the lights on and appeared in the stairwell to help plaintiff negotiate the remaining stairs. The plaintiff was unable

---

1. The defendant Bliss–Doris Realty Associates, L.P., also was located on the fourth floor of the Doris Building.

to identify the man.[2] She drove herself home that night, and returned to work the next day.

The next day she complained to her boss and to defendant, Bliss–Doris Realty Associates, of having fallen down the stairs. She reported that someone had turned the lights out on her, and suggested that the building management install motion sensor lighting to remedy the problem. Approximately one month after the accident, motion sensors were installed, including in the stairwell where plaintiff had fallen. The defendants' manager, Irving Schwartz (Schwartz), testified that they were installed to conserve electricity and to prevent a future accident such as the one involving plaintiff.

Schwartz testified about the policies and practices in place at the time of the accident as they pertained to maintenance of the building's common areas. The tenants in the building, including Roberta Segal and Associates, paid a portion of their rent to maintain the common areas. Under the building lease agreement, if the operating costs for the common areas increased, the tenants paid a percentage of that increase. The lease agreement with Roberta Segal and Associates also indicated that the landlord would supply electrical lighting for the halls, stairways, and passageways during reasonable business hours, defined as weekdays 8 a.m. to 10 p.m. and Saturdays 9 a.m. to noon. However, Schwartz testified that the cleaning crew, who worked from 5 p.m. to 10 p.m., typically turned off the lights at approximately 7 p.m. The

parking lot lights remained lit until 10 p.m., and, according to Schwartz, were visible through the windows inside the stairwell that plaintiff had used.

The defendants moved for judgment as a matter of law at the close of evidence. The motion was denied, and on October 25, 2001 the jury returned a verdict for defendants. On November 5, 2001, plaintiff filed a motion for a new trial pursuant to Rule 59(a) of the Superior Court Rules of Civil Procedure. She alleged that the verdict was against the weight of evidence, and challenged the instruction given to the jury about Rhode Island's notice requirement in negligence cases.

After a hearing held on January 4, 2002, plaintiff's motion for a new trial was granted. Based on his own independent evaluation of the evidence and testimony, the trial justice held that the court could not sustain the jury's verdict that defendants were not negligent, and that reasonable minds could not differ in the ruling. He also said that the court committed an error of law in charging the jury on notice separately from its other negligence instructions.[3]

The defendants filed a timely notice of appeal. They argue that plaintiff failed to meet her burden in a premises liability case, which required proof that a defective condition existed; that defendants had notice of the dangerous condition; and that their failure to warn or make the premises safe had proximately caused plaintiff's injury. The defendants argue that the

2. The manager and treasurer of Bliss–Doris Realty Associates, L.P., Irving Schwartz, was designated to speak on behalf of defendants. He testified that four members of a cleaning crew, including one man, were on duty the night of February 11, 1997. However, whether the male crew member turned off the lights or was the person who helped plaintiff was not determined at trial.

3. The trial justice had charged the jury with an extensive instruction on the standard for negligence in a premises liability case. In a side bar conference the trial justice indicated that he was not sure whether he gave the instruction on notice of danger or defect. The trial justice subsequently gave a separate notice instruction to the jury.

sudden switch of lights by an unknown individual does not amount to a defective condition. The defendants also argue that they could not be charged with notice when plaintiff presented no evidence suggesting that there were previous similar incidents in the stairway; that although they were bound to provide lighting until 10 p.m., pursuant to the lease with Roberta Segal and Associates, plaintiff was not a party to the contract and had no rights under the lease; and that the fair preponderance of the evidence supported the jury's verdict.

The plaintiff argues that the trial justice properly granted the motion for a new trial. She submits that the verdict was against the weight of the fair preponderance of the evidence because defendants created an unreasonable risk in their practice of shutting off the lights at 7 p.m. without warning foreseeable plaintiffs such as Mrs. Lieberman. The plaintiff also argues that the subsequent installation of motion sensor lights was conclusive proof of defendants' negligence. Moreover, plaintiff submits that the trial justice committed an error of law in his misleading instruction to the jury on notice, given only after completing his instructions and conferring with counsel.[4]

■■■ It is well settled that in considering a motion for a new trial, "the trial justice acts as a 'superjuror.'" *Saber v. Dan Angelone Chevrolet, Inc.*, 811 A.2d 644, 652 (R.I.2002) (quoting *English v. Green*, 787 A.2d 1146, 1149 (R.I.2001)).

The trial justice's decision to grant or deny a motion for new trial after reviewing the evidence and commenting on the credibility of the witnesses "will not be disturbed unless he [or she] has overlooked or misconceived material and relevant evidence or was otherwise clearly wrong." *English*, 787 A.2d at 1149 (quoting *Kurczy v. St. Joseph Veterans Association, Inc.*, 713 A.2d 766, 770 (R.I.1998)). Thus, "[i]f the trial justice determines that the verdict is against the fair preponderance of the evidence, a new trial should be ordered." *Montecalvo v. Mandarelli*, 682 A.2d 918, 923 (R.I.1996) (citing *Barbato v. Epstein*, 97 R.I. 191, 194, 196 A.2d 836, 837 (1964)). However, if the trial justice determines that reasonable minds could differ on the verdict, the jury's verdict should not be disturbed. *Saber*, 811 A.2d at 652 (citing *Rezendes v. Beaudette*, 797 A.2d 474, 477–78 (R.I.2002)).

■■■ The law on general premises liability in Rhode Island is well settled. This Court has stated:

"[A] landowner has a duty to exercise reasonable care for the safety of persons reasonably expected to be on the premises, and that duty includes an obligation to protect against the risks of a dangerous condition existing on the premises, provided the landowner knows of, or by the exercise of reasonable care would have discovered, the dangerous condition." *Tancrelle v. Friendly Ice Cream Corp.*, 756 A.2d 744, 752 (R.I.2000) (cit-

---

4. On the element of notice, the trial justice instructed the jury as follows:

"Ladies and gentleman * * * I neglected to instruct you that in order for you to find a landowner liable, you must find that the landowner * * * either knew or should have known of a dangerous condition on the premises and failed to exercise due care to remove the dangerous condition after a reasonable time of having discovered the condition. In this case, Mrs. Lieberman must prove * * * that a dangerous condition was—existed on the premises for a sufficiently long period of time in order to have allowed and afforded the defendants with reasonable notice of the existence of the condition. And that the defendants * * * failed to remedy the condition or warn the plaintiff * * * of the dangerous condition."

ing *Cutroneo v. F.W. Woolworth Co.*, 112 R.I. 696, 698, 315 A.2d 56, 58 (1974)). The burden of proving that "sufficient evidence existed to show that the defendants knew or should have known of an unsafe condition on their premises" is on the plaintiff. *Bromaghim v. Furney*, 808 A.2d 615, 617 (R.I.2002) (quoting *Massart v. Toys R Us, Inc.*, 708 A.2d 187, 189 (R.I. 1998)). Moreover, plaintiff also must prove that "the condition existed for a long enough time so the owner of the premises should have taken steps to correct the condition." *Id.* (citing *Barone v. Christmas Tree Shop*, 767 A.2d 66, 68 (R.I.2001)).

This Court has held that a landowner's duty of care includes an obligation to provide adequate illumination in common areas. In *Lamont v. Central Real Estate Co.*, 110 R.I. 438, 294 A.2d 195 (1972), a landowner was held liable for injuries suffered by a business invitee because the lighting in a stairwell landing was insufficient to reveal the puffy floor tile that had caused the plaintiff to fall. However, in *Lamont* this Court did not state whether inadequate lighting would alone be sufficient to find liability in the absence of the defective tile.

This Court recently considered this issue in *Kurczy v. St. Joseph Veterans Association, Inc.*, 713 A.2d 766 (R.I.1998). In *Kurczy*, a child was injured when he fell down an unlit, concrete stairwell at a wedding reception.[5] This Court ruled,

> "Having concluded * * * that the stairwell did in fact create a dangerous condition and that the association knew or should have known of that dangerous condition and negligently failed to warn of or to remedy the situation, a jury could not thereafter reasonably reach any conclusion other than that it was the dangerous stairwell condition that was

the proximate cause of [the plaintiff's] injuries." *Kurczy*, 713 A.2d at 771–72.

However, the facts in *Kurczy* are distinguishable from this case because, as in *Lamont*, the dangerous condition was not solely attributed to the lack of lighting. Rather, in *Kurczy* the plaintiffs asserted several dangerous conditions, including the defendant's failure to remove leaves from the steps, and the existence of a protruding metal grate and drain-pipe near the stairs. *Kurczy*, 713 A.2d at 771 n. 5.

This Court's ruling in *Dodge v. Parish of the Church of the Transfiguration*, 106 R.I. 342, 259 A.2d 843 (1969) most closely resembles the circumstances of this case. In *Dodge*, the plaintiff was a business invitee who injured herself while walking down a dimly lit churchyard sidewalk. *Id.* at 344, 259 A.2d at 844. This Court ruled that the landowner's duty to maintain its premises in a reasonably safe condition "included an obligation by the church to provide adequate illumination of the cement walk * * *." *Id.* at 348, 259 A.2d at 846. However, "the plaintiff still must convince the jury that the defendant breached this duty, that this breach was the proximate cause of her injuries and finally, she must demonstrate her freedom from conduct which in law might be classified as contributory negligence." *Id.* at 348, 259 A.2d at 847.

In the present case, we conclude that reasonable minds may differ about whether defendant was negligent. The trial justice determined that "[t]he situation was created by the defendants that would have permitted either another tenant or a worker * * * to turn off the lights * * * while somebody could have been present, causing that person to * * * injure themselves." However, there is no case law in

---

**5.** It should be noted that because the child's own behavior was not to blame, the parties agreed that contributory negligence was not an issue.

Rhode Island supporting the contention that the act of turning off adequately working lights is itself a defect or dangerous condition on the property. Moreover, plaintiff had access to a light switch on the fourth-floor landing that would have illuminated her path down the steps, but instead chose to rely on the lighting below. After the lights below went out, plaintiff chose to continue her descent without calling for help. We note that the trial justice accepted defendant's installation of motion sensor lights as evidence of negligence. While such evidence is admissible under Rule 407 of the Rhode Island Rules of Evidence, the plaintiff still bears the burden of proving that defendant knew of or should have known of a dangerous condition on the premises, and failed to exercise due care to remove the dangerous condition within a reasonable time. *Tancrelle*, 756 A.2d at 752.

We find that the evidence in this case could have reasonably supported a verdict for either plaintiff or defendant. In particular, the jury could have concluded that defendant provided adequate lighting because there was a light switch available to plaintiff on the fourth-floor landing. Moreover, plaintiff did not allege that there was any defect in the stairwell. These facts allowed the jury to reasonably conclude that defendant was not negligent. Consequently the motion for a new trial should have been denied.

■ The trial justice's second basis for granting a new trial was that he committed an error of law by instructing the jury on notice after he had completed his charge and at a bench conference with counsel realized he had not included the instruction on notice. Under this Court's ruling in *Votolato v. Merandi*, 747 A.2d 455, 460–61 (R.I.2000), a decision to grant a new trial because of an error of law is subject to a *de novo* standard of review.

■ The trial justice concluded that the jury placed undue consideration on the notice instruction "in derogation of the Court's preliminary statement to them when it charged to the jury that they were to take the instructions of the Court as a whole without relying exclusively on any one instruction standing alone as stating the law." On review, this Court must view the instruction "as a whole in light of the meaning and interpretation that a jury composed of ordinary, intelligent lay persons would give them." *Hodges v. Brannon*, 707 A.2d 1225, 1228 (R.I.1998) (quoting *Montecalvo*, 682 A.2d at 922). "Thus, '[w]e shall not exaggerate out of context a single word or phrase or sentence in an instruction; rather, the challenged portion will be examined in the context of the entire instruction.'" *State v. Perry*, 779 A.2d 622, 625 (R.I.2001) (quoting *State v. Brezinski*, 731 A.2d 711, 713 (R.I.1999) (per curiam)).

A case on point is *Perry*. In *Perry*, the criminal defendant challenged a portion of the jury instructions that reminded the jury that the only expert witness who testified about the victim's cause of death had appeared on behalf of the state. This Court ruled,

> "the challenged statements did not impermissibly invade the province of the jury—nor unfairly comment upon Perry's failure to call a medical witness—particularly when they are viewed in light of the charge as a whole * * *. Significantly, the trial justice's challenged statements were indeed accurate. Although Perry faults the trial justice's timing and placement of these comments * * * we do not believe that this statement served to cancel out or to override all the other instructions the trial justice previously had given to the jury on this subject." *Id.* at 626.

In this case, there was no indication that the jury placed undue emphasis on the instruction about notice. Moreover, the trial justice's instruction on premises liability was correct. In *Tancrelle*, this Court approved a virtually identical jury instruction on premises liability. We held,

"[v]iewed in its entirety, we are satisfied that the trial court's instruction accurately states the law in Rhode Island that a landowner has a duty to exercise reasonable care for the safety of persons reasonably expected to be on the premises, and that duty includes an obligation to protect against the risks of a dangerous condition existing on the premises, provided the landowner knows of, or by the exercise of reasonable care would have discovered, the dangerous condition." *Tancrelle*, 756 A.2d at 752.

We conclude that the jury instruction was correct, and the manner in which the trial justice charged the jury on notice was not error. Therefore, granting the motion for new trial was an error.

For these reasons the defendants' appeal is sustained, the order granting a new trial is vacated, and the papers of the case are remanded to the Superior Court for entry of judgment for the defendants.

### FLANDERS, Justice, dissenting.

In reversing the trial justice's order granting a new trial, the majority concludes that reasonable minds could differ about whether the defendant landlord was negligent in failing to exercise reasonable care for the safety of its tenants and other persons reasonably expected to be on the premises. Respectfully, I do not believe that this is the issue we should be deciding on appeal from the granting of a new-trial motion. Rather, the issue for us on appeal is whether the trial justice, when he exercised his independent judgment in his capacity as a "superjuror" and when he concluded that the jury's "no negligence" finding was against the fair preponderance of the evidence, "overlooked or misconceived material and relevant evidence, or otherwise was clearly wrong." *Saber v. Dan Angelone Chevrolet, Inc.*, 811 A.2d 644, 652 (R.I.2002) (quoting *English v. Green*, 787 A.2d 1146, 1149 (R.I.2001)).

Given that the undisputed evidence at trial established that the lease for the commercial premises where plaintiff worked called for the landlord to supply electrical lighting for common areas—including the halls, stairways, and passageways—until 10 p.m. on weekday evenings; given that the landlord knew or should have known that the practice of the cleaning crew at the building was to turn off the lights at around 7 p.m. each evening before all the tenants and their visitors had left the building; given that the plaintiff injured herself in a suddenly darkened stairwell before 10 p.m. when someone flipped the light switch off as she was descending four flights of stairs on her way out of the premises on the evening in question; and given that, within a brief time after the accident, the landlord installed a motion-sensor device that eliminated the lights-out problem in the stairwell, it seems to me that the trial justice was entitled to conclude that the fair preponderance—if not the overwhelming quantum—of the trial evidence established that the landlord was negligent because it breached a duty to safeguard the lighting in the stairwell where this plaintiff injured herself and that the jury's "no negligence" finding was contrary to this evidence. Indeed, given the manual-lighting system that was in place when this accident occurred, anyone could flip off the light switch while tenants and other business invitees were descending up to four flights of stairs in the evening, thereby plunging them into relative darkness and leaving them to stumble

down the stairs toward the exit. Significantly, after this accident occurred and at relatively scant cost, the landlord installed motion-sensor lighting equipment that solved this dangerous lights-off problem.

In my judgment, the trial justice was entitled to conclude that these circumstances proved that the landlord was negligent in maintaining an unsafe stairwell and that the jury's no-negligence finding in favor of the landlord was against the preponderance of the evidence, most of which indicated that the landlord was at fault for creating and allowing this defective condition to exist on its premises. It must be remembered that "[t]he granting of a new trial on the ground that the verdict is contrary to the evidence is in every instance a substitution of the conclusion of the justice presiding for a finding of the jury." *Spiegel v. Grande,* 45 R.I. 437, 438, 123 A. 560, 560 (1924). But, as this Court pointed out in *Barbato v. Epstein,* 97 R.I. 191, 194, 196 A.2d 836, 838 (1964), that is scarcely reason enough to warrant a reversal of the trial justice. Thus, given the evidence that supports his conclusion, I cannot say that the trial justice was clearly wrong when he determined that the jury's no-negligence verdict failed to render substantial justice in this case. As the trial justice found:

"The situation was created by the defendants that would have permitted either another tenant or a worker, an agent of the defendants, to turn off the lights in the hallway while somebody could have been present causing that person to trip, causing that person to fall and causing that person to injure themselves."

But even if I could join my colleagues in concluding that reasonable minds could differ about whether defendant was negligent and that the evidence in this case reasonably could have supported a verdict for either plaintiff or defendant—particularly in light of the trial justice's instruction on comparative negligence—I do not believe we are at liberty to conduct a *de novo* review of the evidence presented, especially when the trial justice, as here, has conducted the requisite two-step process of evaluating the evidence presented at trial in light of the jury instructions and of deciding whether the jury's verdict clearly was wrong because it "fail[ed] to respond truly to the merits of the controversy, fail[ed] to administer substantial justice, and [was] against the fair weight of the evidence." *Izen v. Winoker,* 589 A.2d 824, 828–29 (R.I.1991). In these circumstances, our mandate is to give "great weight" to the trial justice's new-trial decision, refusing to disturb it unless he has "overlooked or misconceived material and relevant evidence or was otherwise clearly wrong." *International Depository, Inc. v. State,* 603 A.2d 1119, 1123 (R.I.1992) (quoting *Izen,* 589 A.2d at 829).

Although the majority states that "there is no case law in Rhode Island supporting the contention that the act of turning off adequately working lights is itself a defect or dangerous condition on the property," I do not believe that there has to be case law directly on point before a defect or a dangerous condition on property can be labeled as such. The *infinite variety of defects and dangerous conditions* that can arise on property precludes such a proposition. In any event, case law abounds in Rhode Island and elsewhere establishing that landowners have a duty to maintain their premises in a reasonably safe condition, which includes an obligation to provide adequate illumination of walkways and other means of ingress and egress. *See, e.g., Dodge v. Parish of the Church of Transfiguration,* 106 R.I. 342, 348, 259 A.2d 843, 847 (1969). Illumination of a stairwell in a commercial building used by tenants at night is not reasonably safe

when, as here, anyone can turn out the stairwell lights at any time, and when, as here, the management of the building has a policy of allowing the cleaning crew to do so at 7 p.m. even though tenants and their business invitees are allowed to stay until 10 p.m. and the landlord is contractually obliged to light the area during this period. Given these factual considerations, I am hard-pressed to say that the trial justice clearly was wrong when he concluded that this case warranted a new trial because the jury's no-negligence finding was against the weight of the evidence.

My colleagues, however, conclude otherwise because they "find that the evidence in this case could have reasonably supported a verdict for either the plaintiff or the defendant."

Respectfully, I have several problems with this reasoning. First, it is not our brief on appeal to "find" whether the evidence in this case could have reasonably supported a verdict for either plaintiff or defendant. That is the trial justice's job, and, with ample justification, he came to a contrary conclusion. We do not review that decision *de novo*. Rather, we give it "great weight," refusing to disturb it unless he has " 'overlooked or misconceived material and relevant evidence or was otherwise clearly wrong.' " *International Depository, Inc.*, 603 A.2d at 1123. In this case, I do not believe there is any evidence that the trial justice overlooked or misconceived in deciding whether the landlord was negligent. Significantly, the majority fails to identify any such evidence.

Second, because the jury answered special interrogatories, it never reached the question of whether plaintiff was comparatively negligent. Rather, the jury was asked to answer the simple question, "Were defendants negligent?" Because they answered this question "no," the verdict form instructed the jurors *not* to decide whether plaintiff was comparatively negligent or whether the negligence of defendants proximately caused plaintiff's accident. The jury also never reached the separate questions posed to it about whether plaintiff knew of the existence of a danger and subjectively appreciated the unreasonable nature of any known danger or voluntarily encountered the same.

Thus, I might well agree with my colleagues, if it were my province to do so, "that the evidence in this case could have reasonably supported a verdict for either the plaintiff or the defendant." But because the jurors answered only the first special interrogatory that was put to them in this case—concluding that defendants were not negligent—they were told not to address the other issues in this case, including plaintiff's comparative negligence, that they otherwise would have been required to address before they could have reached a verdict for either the plaintiff or the defendant. Thus, the trial justice properly confined his new-trial analysis to the evidence on whether defendant was negligent.

For these reasons, I believe the trial justice was entitled to conclude that the jury's "no negligence" finding was against the weight of the evidence, all of which pointed to the fact that the defendant landlord knew or should have known that its lights-off policy and practice in the stairwell—before all the tenants and business invitees left the premises—created an unsafe situation, and that, therefore, its failure to install motion-sensor lighting before this accident occurred was negligent under the circumstances. For this reason, I would affirm the granting of the motion for a new trial.