Brian K. CRUM

v.

Jordan W. HOROWITZ et al.

No. 2004–209–Appeal.

Supreme Court of Rhode Island.

May 1, 2006.

John K. Kelleher.

Brenda C. Harrigan, Providence.

Kevin Cain.

### O R D E R

The plaintiff, Brian K. Crum (plaintiff or Crum), appeals from a Superior Court jury verdict in favor of the defendants, Jordan W. Horowitz, Linda L. Horowitz (Mrs. Horowitz), and Ford Motor Credit Company (collectively defendants). After a nine-day trial, the jury found, by way of special interrogatory, that the defendants were not liable in negligence to the plaintiff. On appeal, the plaintiff argues that the trial justice committed reversible error when he improperly instructed the jury and made erroneous evidentiary rulings. Further, the plaintiff argues that the verdict was against the weight of the evidence. For the reasons stated herein, we affirm the judgment of the Superior Court.

With the exception of the severity of plaintiff's injuries, the crucial facts in this case largely are undisputed. On November 25, 1997, Crum, a police officer with

the Town of Johnston, was working a traffic detail at a road construction site on Hartford Avenue. The work site was separated from the road's travel lanes by a row of orange construction cones. The plaintiff was responsible for directing traffic, and was standing close to the cones.

As Mrs. Horowitz approached the work zone, she was traveling between ten and fifteen miles per hour. The plaintiff was speaking with a fellow officer, facing away from traffic; he was struck in the left forearm by the mirror on the passenger side of the Mrs. Horowitz's vehicle. Although Mrs. Horowitz stopped her vehicle and spoke with Crum, he sent her on her way without issuing a traffic citation. It is uncontroverted that Mrs. Horowitz's car did not displace any of the cones demarcating the construction site.

On September 9, 1999, plaintiff filed suit against defendants, alleging negligence resulting in severe personal injuries proximately caused by the impact. After a jury finding in favor of defendants, plaintiff moved for a new trial and renewed a motion for judgment as a matter of law. The trial justice denied both motions and plaintiff appealed.

# I

## Jury Instructions

On appeal, plaintiff assigns error to the jury instructions and points to two instances in which reciprocal instructions were warranted to make the jury instructions more even-handed. First, plaintiff argues that, after instructing the jury that a driver "has no duty to anticipate the negligence of [a] * * * pedestrian," the trial

justice should have given a reciprocal instruction that a pedestrian is likewise under no duty to anticipate the negligence of a driver. Similarly, plaintiff contends that the instruction that "a violation of a traffic or motor vehicle law is not in and of itself negligence" should have been followed with a charge that the absence of a traffic citation does not foreclose the possibility that a traffic violation did occur.[1]

On appeal, "we review the record and jury instructions to determine whether the instruction[s] [were] erroneous." *Maglioli v. J.P. Noonan Transportation, Inc.,* 869 A.2d 71, 75 (R.I.2005) (quoting *Cruz v. Johnson,* 823 A.2d 1157, 1160 (R.I.2003)). In making this determination, we view the instructions "as a whole in light of the meaning and interpretation that a jury composed of ordinary, intelligent lay persons would give them." *Lieberman v. Bliss–Doris Realty Associates, L.P.,* 819 A.2d 666, 672 (R.I.2003) (quoting *Hodges v. Brannon,* 707 A.2d 1225, 1228 (R.I.1998)). The instructions given by the trial justice need only adequately cover the law. *Children's Friend & Service v. St. Paul Fire & Marine Insurance Co.,* 893 A.2d 222, 229 (R.I.2006). "An erroneous charge warrants reversal only if it can be shown that the jury 'could have been misled' to the resultant prejudice of the complaining party." *Saber v. Dan Angelone Chevrolet, Inc.,* 811 A.2d 644, 653 (R.I.2002) (quoting *Brodeur v. Desrosiers,* 505 A.2d 418, 422 (R.I.1986)).

We note that plaintiff fails to offer any authority for his argument that the failure to give the requested instructions amounts to reversible error. Rather, plaintiff cites

1. The plaintiff raises two additional arguments concerning the jury instructions: (1) on the issue of comparative negligence, the trial justice should have given an instruction delineating a lower standard of care for those in a work zone, and (2) the trial justice erred in not giving an instruction establishing that the defendant carries the burden of proof on the issue of comparative fault. However, because the jury returned a defendants' verdict on the issue of negligence, plaintiff's exceptions are moot.

to one instance in which the trial justice mistakenly believed that she had given one of the reciprocal instructions when, in fact she had not done so.[2] According to plaintiff, because the trial justice intended to give the instruction, but did not, this mistake constitutes reversible error.

We decline to hold that the instructions " 'as a whole in light of the meaning and interpretation that a jury composed of ordinary, intelligent lay persons would give them,' " worked prejudice against plaintiff. *Lieberman,* 819 A.2d at 672. Our review of the record discloses that the trial justice submitted a comprehensive set of instructions to the jury that adequately covered all relevant legal principles.

Furthermore, plaintiff's requested reciprocal instruction, declaring that a pedestrian is under no duty to anticipate the negligence of a driver, is of no moment to this appeal. Such an instruction relates to the issue of comparative negligence and is irrelevant in light of the jury's finding that defendants were free from negligence. Additionally, it was well within the trial justice's discretion to decline to instruct the jury that the fact that Mrs. Horowitz did not receive a traffic citation does not mean that she did not negligently operate her vehicle.

Consequently, we conclude that the trial justice did not commit reversible error in charging the jury.

## II

### Posttrial Motions

The plaintiff renewed his motion for a judgment as a matter of law and moved for a new trial pursuant to Rules 50 and 59 of the Superior Court Rules of Civil Procedure. According to plaintiff, the facts de-

duced at trial proved that Mrs. Horowitz was negligent as a matter of law. The plaintiff also contends that the trial justice erred because she relied on evidence that the jury had not heard when she denied his motion for a new trial.

This Court reviews a trial justice's decision granting or denying a motion for judgment as a matter of law in accordance with the same criteria that the trial justice employed. *Bajakian v. Erinakes,* 880 A.2d 843, 849 (R.I.2005). Pursuant to Rule 50(a)(1), a judgment as a matter of law may be granted if, after a jury trial, "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue * * *." If factual issues upon which reasonable persons might draw different conclusions are apparent to the trial justice after a review of the evidence in the light most favorable to the nonmoving party, the motion must be denied. *Kurczy v. St. Joseph Veterans Association, Inc.,* 713 A.2d 766, 770 (R.I.1998).

Applying the foregoing principles to the evidence in this case, we conclude that the trial justice properly denied plaintiff's motion for judgment as a matter of law. Although, plaintiff points to numerous facts in the record that, if unrebutted, could satisfy the standard for granting judgment in his favor, he cannot evade the strong countervailing evidence that Mrs. Horowitz did not disturb the construction cones delineating the work zone where plaintiff contends he was standing and the fact that Mrs. Horowitz was traveling at a safe and prudent speed.

Lastly, plaintiff argues that the trial justice impermissibly relied upon evidence that was not before the jury when she

---

**2.** The desired reciprocal instruction would have indicated that a pedestrian is under no duty to anticipate the negligence of a driver.

denied his motion for a new trial. According to plaintiff, the trial justice referred to an opinion proffered by defendants' expert concerning the mechanics of the accident, including plaintiff's location at the time of impact. This testimony was excluded by way of a motion *in limine,* and the expert testified only about the speed Mrs. Horowitz's vehicle had been traveling at the time of impact.

A new trial should be granted if the trial justice "determines that the verdict is against the preponderance of the evidence and fails to do justice to the parties or to respond to the merits of the controversy * * *." *Franco v. Latina,* 840 A.2d 1110, 1112 (R.I.2004) (citing *Perkins v. City of Providence,* 782 A.2d 655, 656 (R.I.2001)). On appeal, this Court will first determine whether the trial justice has performed this function in accordance with the proper standard. *Id.* (citing *English v. Green,* 787 A.2d 1146, 1149 (R.I.2001)). If so, "we will not disturb a trial justice's decision either granting or denying a new-trial motion unless the trial justice overlooked or misconceived the evidence or otherwise was clearly wrong." *Id.*

The trial justice expressed doubt about plaintiff's testimony that he was standing one to two feet inside the work zone, and noted that defendant's expert opined that this was impossible. Although the trial justice erroneously relied on an opinion that had been excluded from evidence, we deem this harmless error.

The record discloses ample proof of the plaintiff's position and the location of the vehicle in relation to the construction cones at the time of impact. Consequently, the excluded expert opinion merely reflected other evidence on the same point.

For the reasons stated herein, we affirm the judgment of the Superior Court.